BUVIA v. OSCAR DANIELS CÓ.

BOISSINEAU v. SAME.

CENNELL v. SAME.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—PER-
SONAL INJURIES—OUT OF EMPLOYMENT—COURSE OF EMPLOYMENT.
In order to entitle the injured employee to compensation
under the workmen's compensation act, the injury must
arise out of, as well as in the course of, the employment.

2. SAME.
An injury arises out of the employment when there is
apparent to the rational mind, upon consideration of all
the circumstances, a causal connection between the con-
ditions under which the work is required to be performed
and the resulting injury.

3. SAME—PERSONAL INJURIES—OUT OF EMPLOYMENT.
Where three employees, while waiting for a boat to leave,
so that another boat from which they were to unload
mixer wings could move up to its proper place at the
dock, out of curiosity, walked over to where a city scav-
enger was dumping refuse into a hole in the dock, when
dynamite caps mixed in with the rubbish exploded, killing
one and injuring the other two, the accident did not arise
out of their employment; their duty to their master nei-
ther requiring nor warranting them in wandering from
the scene of the contemplated operation.

4. SAME—INJURY PECULIAR TO EMPLOYMENT.
An injury to an employee resulting from a risk common to
the general public is not covered by the workmen's com-
pensation act.

Certiorari to Industrial Accident Board. Submitted
June 5, 1918. (Docket Nos. 27-29.) Decided Septem-
ber 27, 1918. Rehearing denied January 31, 1919.

Frank Buvia, Joseph Boissineau and Belle Cen-
nell, administratrix of the estate of Thomas Cennell,
deceased, presented their claims for compensation

See notes in L. R. A. 1916A, 23; L. R. A. 1917D, 80.

against the Oscar Daniels Company for injuries and the accidental death of Thomas Cennell in defendant's employ. From orders awarding compensation, defendant and the Employers' Liability Assurance Corporation, insurer, bring certiorari. Reversed, and awards set aside.

*Davidson & Hudson* (*F. T. Witmire*, of counsel), for appellants.

*Albert E. Sharpe*, for appellees Cennell and Buvia.

*Wiley & Green*, for appellee Boissineau.

These three cases all grow out of the same accident in which Thomas Cennell, husband of Belle Cennell, claimant, lost his life and claimants Joseph Boissineau and Frank Buvia were injured. The three men were at the time of the accident employees of the Oscar Daniels Company. On May 15, 1917, the three men were directed to take 13 iron mixer wings, weighing about 140 pounds each, from the dock of the Oscar Daniels Company, on the Fourth Lock at Sault Ste. Marie, to Brady Pier on the river front, where the wings were to be unloaded. The next morning the three men loaded the mixer wings from the dock of the Oscar Daniels Company onto the deck of the launch, "Ralph T," and proceeded to the Brady Pier on the river front for the purpose of unloading them. When they arrived at the pier they found that the United States buoy tender, "Clover," was moored opposite the point on Brady Pier where the Oscar Daniels Company was permitted to unload heavy material for transportation. They moored the "Ralph T" a short distance behind or east of the "Clover," but opposite the Brady Pier. This pier is built of concrete and is under control of the United States engineers' department. Immediately to the east of Brady Pier and adjoining it is an old wooden dock. Whether

when moored the launch, "Ralph T," was wholly in front of the concrete pier or lay partially opposite the wooden dock is a matter somewhat in dispute in the record. For the purposes of determination, however, the divergence of the testimony upon this point is insignificant. Having moored their boat, Cennell, who was the owner of the "Ralph T," ascertained by inquiry that the "Clover" would soon move out. He told the other two claimants that they would wait the 10 or 15 minutes until the "Clover" departed. While the three men were awaiting the departure of the "Clover" a city scavenger drove upon the wooden dock adjoining the Brady Pier and started to unload some rubbish through a hole in said dock at a point about 60 feet from the face of the dock and about 20 feet east of the east line of Brady Pier. The load of rubbish contained a large quantity of dynamite caps. The three men, apparently curious to watch the dumping of the scavenger wagon, walked in the direction of the point where it was being unloaded and must have reached a point very close to the wagon when an explosion of great violence occurred, resulting in the death of one member of the United States coast guard, two employees of the city scavenger, and of Thomas Cennell, husband of Belle Cennell, and in the injury of claimants Buvia and Boissineau. Neither the Brady Pier nor the wooden dock adjoining was owned or controlled by the Oscar Daniels Company. Liability having been denied by the Oscar Daniels Company, a committee on arbitration heard the matter and rendered a decision in favor of all three claimants, which was later affirmed on appeal to the industrial accident board. Defendants now review said awards in this court.

BROOKE, J. (*after stating the facts*). It is the contention of appellants:

1. That the injuries did not arise out of the employment.

2. That such injuries did not arise in the course of the employment in which claimants were engaged.

We have frequently held that, in order to entitle the injured person to compensation under the act, the injury must arise out of the employment as well as in the course of the employment. *Tarpper* v. *Weston-Mott Co.*, 200 Mich. 275, and cases cited. An injury arises out of the employment when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. *McNicol's Case*, 215 Mass. 497 (102 N. E. 697, L. R. A. 1916A, 306). The injury must be the result of one of the risks incident to the employment. Applying these rules to the case under consideration, how can it be said that the employment of Cennell, Boissineau and Buvia subjected them to the risk of death or injury from which they suffered? Their duties required them to load the mixer wings from defendant's dock on the Fourth Lock at Sault Ste. Marie and to transport them to Brady Pier and there unload them. Their duty to their master neither required them to, nor warranted them in, wandering from the immediate scene of the contemplated operation and gratifying an idle curiosity. The premises where the accident occurred, and where they had no business, were not under the control of their common master. The scavenger whose possible negligence caused the disaster was a municipal employee. We feel bound to determine therefore that the accident causing the injuries did not arise out of the employment. Assuming, however, that the presence of claimants in the vicinity of the scavenger's wagon was justified, which cannot properly be done, then in suffering death and mutilation from the explosion the

claimants were subjected to no greater or different risk than that sustained by every member of the general public within the zone of the blast. Three other persons were killed, one totally unconnected with the operation. An injury resulting from a risk common to the general public may not be compensated. *Hopkins* v. *Sugar Co.*, 184 Mich. 87 (L. R. A. 1916A, 310); *Worden* v. *Power Co.*, Mich. W. C. C., page 14, July 19, 1916. While the accident in the cases under consideration cannot be treated as "an act of God," as was the one considered in *Klawinski* v. *Railway Co.*, 185 Mich. 646, the argument sustaining the decision in that case is *a fortiori* applicable here. See, also, *Spooner* v. *Detroit Saturday Night Co.*, 187 Mich. 125. The two cases principally relied upon by claimants are *Kunze* v. *Detroit Shade Tree Co.*, 192 Mich. 435, and *Haller* v. *City of Lansing*, 195 Mich. 753. Neither is controlling or applicable to the facts in the cases under consideration. In the first case the claimant was injured while in the actual performance of his duties and in the second case the claimant was injured while within the ambit of his employment, actually upon his master's premises, and using such facilities as his master had provided.

The awards are set aside.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, FELLOWS, STONE, and KUHN, JJ., concurred.