### THE PATTEN HOTEL CO. *v.* JAMES MILNER.*

*(Nashville.* December Term, 1921.)

1. MASTER AND SERVANT. Death of fainting cook injured by truck held "arising out of and in course of employment" within compensation act.

Where a cook employed in a hotel kitchen became overheated and fainty, and stepped into the alley to get fresh air, fainted and fell, and his arm was run over by the wheels of a passing truck, from which injury he died, and it was shown that the kitchen was always warm, and it was necessary for employees to step into the alley for air, the fainty condition arose out of employment and a. casual connection between the employment and injury appeared justifying recovery under the Workmen's Compensation Act. (*Post, pp.* 637, 638.)

Acts cited and construed: Acts 1919, ch. 123.

Cases cited and approved: McNicol's Case, 215 Mass., 497; Pekin Cooperage Co. v. Industrial Com., 285 Ill., 31.

Cases cited and distinguished: Connell v. Daniels Co., 203 Mich., 73; Baum v. Industrial Com., 288 Ill., 516.

2. MASTER AND SERVANT. Want of notice presented by record in compensation case.

Where in the record there was no minute entry of the court which showed that an amendment to an answer setting up as a defense

---

*On the question as to injuries "arising out of and in the course of the employment," in general, see notes in L. R. A. 1916A 40, 232; L. R. A. 1917D, 114; L. R. A. 1918F, 896.

On right of employee to compensation for injuries received while acting in an emergency, see note in 6 A. L. R., 1247.

On necessity of notice of injury in claim for compensation under Workmen's Compensation Acts, in general see notes in 1916A, 83, 244; L. R. A. 1917D, 135; L. R. A. 1918E, 556.

Patten Hotel Co. v. Milner.

that failure to give the notice required by the Workmen's Compensation Act was ordered made, but the recital in the final judgment showed that the amended answer was considered by the court in determining the case, a motion to strike the amended answer from the record must be overruled, and the defense treated , as properly presented by the record. (*Post, pp.* 639-642.)

Cases cited and approved: Black Diamond Collieries v. Deal, 234 S. W. 322; Smith v. C. N. R., 7 West, W. Rep., 596; Mercer v. Dublin Co., 6 B. W. C. C., 441; Murphy's Case, 226 Mass., 60.

Case cited and distinguished: Bloomfield v. November, 219 N. Y., 374.

3. **MASTER AND SERVANT.** Compensation claim barred by want of notice.

Workmen's Compensation Act, section 30, sub-section 6, provides that compensation shall be paid to deceased's widow, and failure to give the thirty day notice required by section 22 and 23, for injury occurring May 24, 1920, until August 4, 1920, or show excuse for not giving such notice, defeats a recovery, notwithstanding a minor child of five was one of the claimants. (*Post, p.* 642.)

FROM HAMILTON.

Appeal from the Circuit Court of Hamilton County.— HON. OSCAR YARNELL, Judge.

ALLISON, LYNCH & PHILLIPS, for appellant.

W. A. SCHOOLFIELD, for appellee.

MR. JUSTICE HALL delivered the opinion of the Court.

This appeal involves a claim for compensation under the workmen's compensation statute (Pub. Acts 1919, chapter 123).

Wilson Milner, deceased, was a cook for the Patten Hotel in the city of Chattanooga, Tenn., which is operated by the defendant hotel company. On May 24, 1920, he was engaged in the performance of his duties in the kitchen of the hotel. Evidence was offered tending to show that it was very warm in the kitchen, and that the deceased became too hot and was stricken with a fainty feeling. He went through a doorway that opened from the kitchen into an alley that was used principally in conveying supplies and baggage to the hotel by trucks and other vehicles, and merchandise to and from a wholesale mercantile house situated on the opposite side of the alley from the hotel, for the purpose of getting some fresh air. While standing in the alley at or near the door he fainted, or swooned, and fell, and his arm was run over by the rear wheel of an automobile truck that was passing along the alley and being operated and controlled by the American Railway Express Company, and was severely bruised and lacerated. He was immediately carried to the hospital in an unconscious condition, and soon thereafter lockjaw set up from the injury and caused his death. He left surviving him a widow and a minor son by a former marriage, Wilson Milner, Jr., who was five years of age.

Deceased's widow, Sudie Milner, instituted suit in the circuit court of Hamilton county against the American Railway Express Company to recover damages for her husband's death. This suit was later tried and determined in the circuit court in favor of the express company.

The deceased's brother, James Milner, qualified as administrator of the deceased's estate in the county court of Hamilton county, and on August 16, 1920, filed his petition, as such administrator, in the circuit court of said

county against the hotel company, seeking compensation for the benefit of the son under the workmen's compensation statute.

The hotel company answered this petition, averring, among other things, that the widow, Sudie Milner, was at that time prosecuting a common-law action in the circuit court of Hamilton county against the American Railway Express Company to recover of it damages for her husband's death, which suit had not then been finally determined.

The hotel company further averred in its answer that if it were liable to the dependents of the deceased, Wilson Milner, for compensation under the workmen's compensation statute, the widow of the deceased alone was entitled to sue for such compensation for the benefit of herself and the deceased's dependent child; that by reason of these facts the action brought by the administrator should not proceed to final hearing without said widow being made a party thereto, and that she be given an opportunity to assert in said action whether or not she would elect to claim compensation under the workmen's compensation statute for the benefit of herself and said minor child, or would continue her suit against the American Railway Express Company. The defendant denied, however, that it was liable under the workmen's compensation statute to the widow and minor child of the deceased for any amount whatsoever on account of the injury and subsequent death of the deceased.

The defendant filed its answer in the nature of a cross-petition, and prayed that process issue and be served on the widow, whom the answer averred was a resident of Hamilton county; that she be required to answer said cross-peti-

tion, but not under oath; that she be required to elect whether she would assert claim against the hotel company in said pending action for compensation, as the widow of the deceased, or prosecute her suit against the American Railway Express Company; that if she should elect to claim compensation for her husband's death under the workmen's compensation statute that she be required to set up her claim by a proper petition in said compensation proceeding, and that defendant hotel company be permitted to answer said petition and set up its defenses.

In accordance with the prayer of the petition of the hotel company process was issued and served upon Sudie Milner, and she answered the petition of the hotel company. In her answer she claimed the right to prosecute her suit against the express company, and at the same time claim compensation under the workmen's compensation statute for the benefit of herself and the minor son, Wilson Milner, Jr. She filed her answer in the nature of a cross-petition, and prayed for a judgment for the compensation provided for by the workmen's compensation statute in such cases.

The hotel company answered the widow's petition, and denied that the injury to the deceased arose out of and in the course of his employment within the meaning of said workmen's compensation statute, and denied that it was liable for any compensation whatsoever for said injury.

In the meantime James Milner, who filed the original petition as administrator of the deceased's estate, qualified as guardian of the minor, Wilson Milner, Jr., and, with leave of the court amended his petition so as to sue in his capacity as guardian.

Later, and before the case was heard, the hotel company, with leave of the court, amended its answer, and set up the

additional defense that neither of the petitioners could recover of it compensation in said case for the reason that they had failed to give defendant notice of their claim in writing, as required by the provisions of sections 22 and 23 of the Workmen's Compensation Statute.

The court, upon final hearing, rendered a judgment in favor of James Milner, guardian of Wilson Milner, Jr., and in favor of Sudie Milner, widow of the deceased, for forty per cent. of the average weekly wages of the deceased, which the proof showed were $18 per week, for a period of four hundred weeks, subject to the death of the minor beneficiary, and the death or remarriage of the widow.

The hotel company made a motion for a new trial, which was overruled, and it has appealed to this court, and has assigned errors. By its assignments of error it insists:

(1) That there is no evidence tending to show that the accident, which resulted in the deceased's death, arose out of and in the course of his employment.

(2) That the trial court erred in rendering judgment against defendant for any sum whatsoever, because the undisputed evidence shows that no notice was given it of the injury by the claimants, or any one on their behalf, as required by the provisions of sections 22 and 23 of the workmen's compensation statute.

We think there is material evidence tending to show that the injury which resulted in the deceased's death arose out of and in the course of his employment. There was material evidence introduced tending to show that he became overheated while performing his duties as cook in the kitchen and became fainty, and stepped into the alley to get some fresh air, and fainted and fell, and his arm was run over by one of the wheels of the passing truck. There is

also evidence tending to show that the kitchen in which deceased worked was always very warm, and that it was frequently necessary for the employees who worked in the kitchen to step into this alley for the purpose of getting fresh air. It is shown that this was regularly done by the employees working in the kitchen.

In *Connell* v. *Daniels Co.*, 203 Mich., 73, 168 N. W., 1009, 7 A. L. R., 1304, it is said:

"An injury arises out of the employment when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury."

To the same effect is *McNicol's Case*, 215 Mass., 497, 102 N. E., 697, L. R. A., 1916A, 306.

In *Baum* v. *Industrial Com.*, 288 Ill., 516, 123 N. E., 625, 6 A. L. R., 1245, it was said:

"While there must be some causal relation between the employment and the injury, it is not necessary that the injury be one which ought to have been foreseen or expected. It must, however, be one which, after the event, may be seen to have had its origin in the nature of the employment."

To the same effect is the holding of the court in *Pekin Cooperage Co.* v. *Industrial Com.*, 285 Ill., 31, 120 N. E., 530.

The deceased's overheated and fainty condition arose out of his employment, and it was on account of this condition that he became exposed to the danger which produced the injury. We, therefore, think the necessary causal connection between the employment and the injury appears.

The question of notice presents a more serious question. It is insisted by appellees that there is no proper pleading in the case raising the question of the failure to give the necessary notice. It is conceded by appellees that a motion was made by the hotel company to amend its answer so as to set up the defense of a failure on the part of appellees to give notice. It is said, however, by appellees that there is nothing in the record to show that this motion of defendant was ever granted by the court, and they, therefore, moved to strike said motion, which appears as a part of the record on page 17.

It is true that there is no minute entry of the court which shows that said amendment was ordered to be made. It does appear, however, in the final judgment rendered by the trial court, that the case was heard upon the pleadings, including the amended answer of the hotel company, and the motion of the widow Sudie Milner, to strike that portion of the amended answer of the hotel company which offered as a defense to said action the election of the widow to sue the American Railway Express Company, and the oral proof heard in open court.

We think the recital in the final judgment shows that the amended answer of the hotel company, which averred a failure to give the required notice, was considered by the court in the determination of the case, and that appellees' motion to strike must be overruled, and the defense of the hotel company on account of appellees' failure to give notice must be treated as properly presented by the record.

Section 22 of the Workmen's Compensation Act provides as follows:

"That every injured employee or his representative shall, immediately upon the occurrence of an injury or as soon

thereafter as is reasonable or practicable, give or cause to be given to the employer written notice of the injury, and the employee shall not be entitled to physician's fees nor to any compensation which may have accrued under the provisions of this act from the date of the accident to the giving of such notice, unless it can be shown that the employer had actual knowledge of the accident; and no compensation shall be payable under the provisions of this act unless such written notice is given the employer within thirty days after the occurrence of the accident, unless reasonable excuse for failure to give such notice is made to the satisfaction of the tribunal to which the claim for compensation may be presented."

By section 23 it is provided: "That the notice required to be given of the occurrence of an accident to the employer shall state in plain and simple language the name and address of the employee, the time, place and nature and cause of the accident resulting in injury or death, and shall be signed by the claimant or by some person in his behalf, or by any one or more of the claimant's dependents if the accident resulted in death to the employee. But no defect or inaccuracy in the notice shall be a bar to compensation unless the employer can show to the satisfaction of the tribunal in which the matter is pending that he was prejudiced by the failure to give the proper notice and then only to the extent of such prejudice."

It is conceded by claimants that no notice whatsoever was given to the hotel company of the injury within thirty days after its occurrence, and no excuse was offered for their failure to give notice.

The accident happened on May 24, 1920. The first and only notice that was ever given the hotel company of said

accident is contained in a letter from Messrs. Crutchfield & Chamlee, attorneys for appellees, of date of August 9, 1920, which was more than two months after the accident.

This court, in the case of *Black Diamond Collieries* v. *Deal,* decided at Knoxville on October 27, 1921 (Tenn.), 234 S. W., 322 (opinion for publication), held that sections 22 and 23 of the workmen's compensation statute mean just what they say, and that written notice must be given within thirty days after the injury, or else a reasonable excuse for failure to give the notice must be made to the satisfaction of the tribunal trying the case. In that case the court said:

"There must be written notice within thirty days, or there must be a satisfactory excuse. Otherwise compensation cannot be enforced."

In *Bloomfield* v. *November,* 219 N. Y., 374, 114 N. E., 805, it was said: "This requirement ought not to be treated as a mere formality or be dispensed with as a matter of course whenever there has been a failure to serve such notice."

In *Smith* v. *C. N. R.,* 7 West W. Rep., 596, it was held that the reason for requiring notice is to give the employer an opportunity to investigate the cause of the accident and the nature of the injury at an early stage.

In the following cases it was held that the want of notice of the injury is by force of the statute a bar to compensation unless excused: *Mercer* v. *Dublin Co.,* 6 B. W. C. C. (Eng.), 441; *Murphy's Case,* 226 Mass., 60, 115 N. E., 40.

It is said in the instant case that notice was unnecessary because the hotel company was shown to have had actual knowledge of the accident and injury to the deceased.

In *Black Diamond Collieries* v. *Deal* (Tenn.), 234 S. W., 322, this court said:

"Unless the employer has actual knowledge of the accident, the employee shall not be entitled to any compensation which may have accrued prior to written notice to the employer. Unless such written notice is given within thirty days after the occurrence of the accident no compensation shall be payable under the provisions of the act, except a reasonable excuse for failure to give the notice is made to the satisfaction of the tribunal trying the case. Such is the effect of section 22."

It is next said that it appears that Wilson Milner, Jr., the minor son of the deceased, was only five years of age at the time of his father's injury and death, and was without a regular guardian until March 26, 1921, and that this fact itself was sufficient to excuse him from giving the employer notice of the injury required by sections 22 and 23 of the Workmen's Compensation Act.

By subsection 6 of section 30 of said act it is provided that if the deceased employee leave a widow and dependent child the compensation provided by said act shall be paid to the widow for the benefit of herself and such child. The right, therefore, was in the widow to make claim for the compensation due in the instant case, and it was her duty to give the notice required by sections 22 and 23 of said act, and, not having done so and having offered no reasonable excuse for not giving said notice she cannot recover in this action.

It, therefore, results that, for the want of notice as required by sections 22 and 23 of the statute, and the widow's failure to show a sufficient excuse for not giving such notice, the judgment of the court below will be reversed, and the petitions of appellees will be dismissed, with costs.