CHARLES McCLAIN *v.* KINGSPORT IMPROVEMENT CORPORA-
TION.*

(*Knoxville.* September Term, 1922.)

1. **MASTER AND SERVANT.** Jurisdiction of law court of Kings-
   port held to extend to suits under Compensation Act.

   All the powers of a circuit court for the territory within its juris-
   diction being conferred on the law court at Kingsport by Private
   Acts 1919, chapter 737, it had jurisdiction to try cases under the
   Workmen's Compensation Act. (*Post, p.* 132.)

   Acts cited and construed: Acts 1919, ch. 737.

   Laws cited and construed: Laws 1919, ch. 123.

2. **MASTER AND SERVANT.** Infancy of dependents within Compen-
   sation Act held to excuse failure to give notice.

   Infancy of dependents is a reasonable excuse for failure to give
   notice of the accident to the employer within thirty days, as re-
   quired by Workmen's Compensation Act, section 22. (*Post, p.*
   132, 133.)

   Cases cited and approved: State v. Crutcher's Administrator, 32
   Tenn., 504; Patten Hotel Co. v. Milner, 145 Tenn., 632.

   Case cited and distinguished: Nelson v. Allen, 9 Tenn., 360.

3. **MASTER AND SERVANT.** Injury to employee riding to work on
   horse furnished by employer held compensable as arising "out of
   and in course of employment."

   Where an employee, riding to his work on a horse furnished by his
   employer was fatally injured, when the horse took fright at a
   passing train, the injury arose out of and in the course of employ-

---

*On question of applicability of Compensation Statutes to minors
see L. R. A., 1918F, 209.

Who are dependents within Workmen's Compensation Statutes is
discussed in notes L. R. A., 1916A, 121, 163, 248; L. R. A., 1917D, 157
and L. R. A., 1918F, 483.

On question of injury while riding to or from work in his em-
ployer's conveyance as arising out of or in the course of his employ-
ment see note in 10 A. L. R., 169.

As to effect of divorce on right of child within Workmen's Com-
pensation Acts see note in 13 A. L. R., 1113.

McClain v. Kingsport Imp. Corp.

ment within the Workmen's Compensation Act, though the employee was in immediate control of the horse. (*Post, p.* 133-135.)

Cases cited and approved: Norwood v. Tellico River Lbr. Co., 146 Tenn., —; Osterhout v. Latham, 92 Conn., 91; Tennessee Chemical Co. v. Smith, 145 Tenn., 532; Milne v. Sanders, 143 Tenn., 602.

4. **MASTER AND SERVANT.** Divorced employee's children held his "dependents" within Compensation Act.

Where a decree of divorce awarded a wife $10 per month alimony and gave the custody of the children to her, but made no provision for their support, when she married the children left her and came to the father who supported them until he was killed, he was legally responsible for their support and they were therefore entitled to compensation as "dependents" within the Workmen's Compensation Act. (*Post, p.* 135.)

Case cited and approved: Evans v. Evans, 125 Tenn., 112.

5. **MASTER AND SERVANT.** Child earning own living and not a "dependent" within Compensation Act.

Where a boy between sixteen and eighteen years of age earned his own living and helped support the family, he was not a "dependent" within Workmen's Compensation Act, section 30, subsec. 2, and not entitled to any part of compensation for the death of his father. (*Post, p.* 135, 136.)

Acts cited and construed: Acts 1919, ch. 123, sec. 30, subsec. 2.

6. **MASTER AND SERVANT.** Allowance of maximum compensation to dependents held proper.

Where a deceased employee left three dependent orphans under sixteen years of age, the exclusion of a child between sixteen and eighteen, who was not a dependent, from the benefits of compensation did not affect the amount to be paid to the dependents as compensation under Workmen's Compensation Act, section 30, subsec. 10, fixing the maximum allowance. (*Post, p.* 136.)

FROM SULLIVAN.

Appeal from the Law Court of Sullivan County.—Hon. D. A. Vines, Judge.

Cox & Taylor, for guardian.

Caldwell & Caldwell, for Kingsport Imp. Corp.

Mr. Justice Green delivered the opinion of the Court.

This suit was brought under the Workmen's Compensation Act (Laws 1919, chapter 123) by the guardian of the minor children of A. W. Plaster, deceased, to recover the statutory allowance for the benefit of said children. The deceased was in the employ of defendant, Kingsport Improvement Corporation, and met his death under circumstances hereinafter detailed. There was a judgment for the plaintiff below, from which the defendant has appealed in error.

The first defense made is that the court below, the law court at Kingsport was without jurisdiction to try the case. We think this contention is without merit. The law court at Kingsport was created by chapter 737 of the Private Acts of 1919, for the Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, and Fifteenth civil districts of Sullivan county. An examination of the act satisfies us that the legislature intended to confer on this court all the powers of a circuit court for the territory within its jurisdiction.

It is next said that the petition filed herein does not aver that notice of the accident was given to the employer within thirty days thereafter as required by section 22 of chapter 123 of the Acts of 1919. Without intimating that such an averment is necessary in any case, it was certainly not necessary here. The petition disclosed on its face that the defendants in whose behalf the suit was brought were all minors. We are of opinion that infancy of the beneficiaries is a reasonable excuse for failure to give such notice.

"No laches shall be adjudged to the plaintiffs within age." *Nelson* v. *Allen,* 9 Tenn. (1 Yerg.), 360.

"It is a general principle of law, that no laches, or negligence, can be imputed to a person who is within the age of twenty-one years." *State* v. *Crutcher's Administrator,* 32 Tenn. (2 Swan.), 504.

In *Patten Hotel Co.* v. *Milner,* 145 Tenn., 632, 238 S. W., 75, the widow was the direct beneficiary, and the ruling in this case as to notice is not applicable where all the beneficiaries are minors.

The guardian could not have given notice within thirty days of the accident. Plaster was killed September 13, 1921, and the guardian was not qualified until the latter part of that year or the earlier part of 1922. The reason that the statute required notice within thirty days, was to give the employer an opportunity to investigate the cause of the accident and the nature of the injury at an early stage. *Patten Hotel Co.* v. *Milner,* supra. There would, therefore, be no justification for an effort to extend this requirement as to notice to a guardian appointed several months later. All proceedings under the statute have to be brought within one year after the accident.

What we have said in this connection is a sufficient reply to the argument that this suit should be dismissed because the thirty-day notice to the employer was not proven.

The deceased was employed by defendant, Kingsport Improvement Corporation, as an assistant landscape gardener. At the time of his death he was engaged in working on some trees on a farm known as Rotherwood, belonging to Kingsport Farms, a corporation allied with Kingsport Improvement Corporation. Kingsport Farms was charged by Kingsport Improvement Corporation for the work. So

that it appears deceased was regularly in the service of his employer. Plaster lived at the town of Kingsport, about two miles from the farm where he was working. His employer furnished him a horse to ride back and forth between his home and his place of work. Plaster kept the horse at his house in Kingsport at night. He was thrown from his horse while riding along the public road from Kingsport to the Rotherwood farm. The horse took fright at a passing train. The accident occurred between seven and eight o'clock in the morning, at the time when deceased usually went to his work. The proof shows that the horse was furnished him to ride back and forth between his home and his place of employment, as just stated, and there is no suggestion on the record that deceased ever used the horse for any other purpose or was permitted to do so. Upon these facts the trial judge was fully justified in concluding that Plaster met his death while going to his work on an agency of transportation furnished by his employer for that purpose.

This court has lately said: "It is generally held that, where transportation is furnished by an employer as an incident of the employment, an injury suffered by the employee while going or returning from his work in the vehicle so furnished by the employer, and under his control, arises out of and is within the course of the employment within the meaning of Workmen's Compensation Acts." *Norwood* v. *Tellico River Lbr. Co.,* 146 Tenn., 682, 244 S. W., 490.

The fact that deceased was in immediate control of the horse does not in our opinion take this case out of the general rule quoted. In *Osterhout* v. *Latham,* 92 Conn., 91, 101 Atl., 494, one of the cases approved in *Norwood* v.

*Tellico River Lbr. Co.,* the driver of an automobile furnished by the employer was one of the workmen and was allowed compensation.

We think there was abundant evidence to justify the conclusion of the trial court that Plaster met his death by reason of an accident arising out of and in the course of his employment. There being evidence to sustain this finding, it will not be disturbed in this court. *Tennessee Chemical Co.* v. *Smith,* 145 Tenn., 532, 238 S. W., 97; *Milne* v. *Sanders,* 143 Tenn., 602, 228 S. W., 702.

It is again urged by the defendant that the children of the deceased were not his legal dependents, and are therefore entitled to no compensation herein. It appears that some years ago the wife of the deceased procured a divorce from him, and was awarded the custody of the children and $10 per month alimony. She married again very shortly, and all the children left her, came to their father (the deceased), and he cared for them and supported them until he was killed. As a matter of fact, they were his dependents. Moreover, the decree of divorce, although it gave to the mother the custody of the children, made no provision for their support. The monthly alimony of $10 awarded the mother could scarcely be regarded as covering the childrens' support, under the circumstances of this case, and we think the father was still legally responsible for the same. *Evans* v. *Evans,* 125 Tenn., 112, 140 S. W., 745, Ann. Cas., 1913C, 294.

It is finally urged that one of the children, Elmer Plaster, was between sixteen and eighteen years of age, earned his own living, and helped support the family, and was therefore not a dependent. This seems to be true, and under subsection 2 of section 30 of chapter 123 of the

Acts of 1919, Elmer is not entitled to any part of the compensation. The other children being under sixteen years of age are conclusively presumed to have been wholly dependent on deceased. Id., 30, subsec. 1.

The exclusion of Elmer from the benefits of compensation makes no difference in the amount to be paid by defendant, however.

"If the deceased employee leave a dependent orphan, there shall be paid thirty per centum of the monthly wages of deceased with ten per centum additional for each additional orphan, with a maximum of fifty per centum of such wages." Id., section 30, subsec. 10.

There being three orphans under sixteen years of age the defendant is liable for the maximum compensation, assessed against it. The guardian who recovers will be governed by this opinion in the application of the funds received herein.

Some criticism is made of the proof introduced tending to show that this employer was protected by indemnity insurance. This proof was immaterial, but there was no jury in the case, and its introduction could have done no harm.

The judgment below will be affirmed.