EUGENE CARMICHAEL v. J. C. MAHAN MOTOR Co.*

(*Knoxville.* September Term, 1928.)

Opinion filed December 8, 1928.

1. WORKMEN'S COMPENSATION. INJURY ARISING OUT OF EMPLOYMENT.

An injury arises out of the employment where there is apparent to a rational mind, upon consideration of all the circumstances, a casual connection between the conditions under which the work is required to be performed and the resulting injury. (Post, p. 616.)

Citing: Patton Hotel Co. v. Milner, 145 Tenn. (18 Thomp.), 638; McNichols Case, 215 Mass., 497; Carnell v. Daniels Co., 7 A. L. R., 1304.

Distinguishing: Hendrix v. Franklin State Bank, 154 Tenn. (1 Smith), 257.

2. WORKMEN'S COMPENSATION. INJURY ARISING OUT OF EMPLOYMENT.

Where it appears that the petitioner's place of employment in a garage involved exposure to the risk of injury from the wrongful or negligent acts of all who passed in and out, or who were permitted to remain on the premises, and he was injured by missiles thrown by children who were permitted to visit the garage, such injury may be fairly traced to the employment as the contributing proximate cause. (Post, p. 616.)

3. WORKMEN'S COMPENSATION. CONSTRUCTION. COMPENSABLE INJURIES.

The language of the Workmen's Compensation Act defining compensable injuries must be construed according to the fair mean-

*On the question as to when injury "arises out of and in the course of the employment" within meaning of Workmen's Compensation Act, see annotation in L. R. A., 1916A, 40, 232; L. R. A., 1917D, 114; L. R. A., 1918F, 896; 10 A. L. R., 1488; 28 R. C. L., 796, 801; 3 R. C. L. Supp., 1596; 4 R. C. L. Supp., 1856; 5 R. C. L. Supp., 1568; 6 R. C. L. Supp., 1756; 7 R. C. L. Supp., 1005.

ing of the words used and in their ordinary sense, and without reference to the conditions under which the common law afforded compensation to injured employees. (Post, p. 617.)

## FROM KNOX.

Appeal from the Circuit Court of Knox County.—HON. A. C. GRIMM, Judge.

CATE, SMITH, TATE & LONG and LEON JOUROLMON, JR., for plaintiff in error.

AYRES & BROUGHTON, for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

Eugene Carmichael, the employee, sued J. C. Mahan Motor Company, the employer, alleging disability compensable under the Workmen's Compensation Act, chapter 23, Act of 1919. The trial judge sustained a demurrer to the petition holding that the injury was not by accident arising out of and in course of the employment. It is shown by the petition:

"That on the 30th day of April, 1927, and for a long period of time previous thereto, petitioner was employed by the defendant company as a porter in its office to scrub and sweep floors and perform other menial tasks and to wash, repair and handle automobiles. That on or about the 30th day of April, 1927, while engaged in his said employment for the defendant company, and acting under the orders and instructions of said company, sweeping out the show room of said company, he was shot just below the inner angle of the right eye by an air rifle, discharged by a certain Calvert, an infant of about ten years of age. That the said Calvert, with two

other small boys of about the same age, had come to the garage and place of business of the defendant, accompanying a certain Hammond, a customer of the defendant, who brought in a Cadillac automobile for repairs. That they were left in the office of the defendant while the said customer was negotiating her business and thereafter while she went into the city to visit various stores and make purchases, while thus unguarded, the said boys went up into a mezzanine gallery above the show room and while playing with a toy air rifle carelessly and negligently discharged same, the bullet striking your petitioner as aforesaid.

"That as a result of this injury as aforesaid, your petitioner has become entirely blind in his right eye, and by reason of irritation and excitement to his nervous system resultant from his said injury has suffered a complete . . . paralysis of his right forearm, his right hand and his right foot. . . .

"That on other and previous occasions, prior to April 30, 1927, these said boys and others had been allowed to remain in and about the premises of defendant, while the said Hammond and her husband had attended to other business in the city, and on such occasions had shot with wadded papers and rubber sling shots and had thrown candy and other missiles at the stenographic force and other employees of defendant. The officers of defendant company had knowledge and were aware of the situation thus existing, and that the employees of defendant, while engaged in the pursuit of their respective employments were subjected to the special and extraordinary hazard and risk of injury through the carelessness or mischief of said boys. . . ."

In determining whether the injury as alleged is compensable, the statements of the petition must be accepted as true. It is shown in the petition that the employee was injured while in the discharge of duty under his contract of employment, and it must be conceded that the injury occurred in the course of employment, leaving for determination the sole question of whether or not the injury arose out of the employment.

(1) It is said an injury arises out of the employment when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. *Patton Hotel Company* v. *Milner,* 145 Tenn., 638, citing the *McNichols case,* 215 Mass., 497, and *Carnell* v. *Daniels Co.,* 7 A. L. R., 1304.

The injury was not produced by the sportive acts of the petitioner or of any fellow employee. It was not the result of a hazard to which the petitioner was exposed apart from his employment. It was not a common peril such as is commonly known as a peril of the street. It did not occur as the result of an unrelated act as in *Hendrix* v. *Franklin State Bank,* 154 Tenn., 257. The employee, while at his post of duty, going about his employer's business, was struck by a missile from an air rifle in the hands of children, guests of the employer who were impliedly invited to the premises and permitted to remain there.

(2) It is alleged in the petition that the employer had notice prior to the accident that these children upon visiting the garage threw missiles about the premises and in some instances at employees other than petitioner. The petitioner's place in the garage involved exposure to the

risk of injury from the wrongful or negligent acts of all who passed in or out, or who were permitted to remain on the premises. He was injured because he was in the garage engaged in the duty assigned to him under his contract of employment, and the injury was the result of conditions inseparably connected with the public service given by the petitioner's employer to its patrons. Under such conditions the injury may be fairly traced to the employment as the contributing proximate cause.

(3) The Compensation Act cannot be considered as a statute intended to define a situation or fix a liability by adherence to rules of the common law applicable in negligence cases. It is intended to relieve society of an economic burden and to ameliorate a social condition and therefore must be construed as imposing liabilities without reference to the common law. The language of the Act defining compensable injuries must be construed according to the fair meaning of the words used and in their ordinary sense, without reference to conditions under which the common law afforded compensation to an injured employee.

A public service garage is a place where patrons with their families are invited, in the necessary conduct of the business, and the risk to which employees are exposed by their presence is necessarily a risk incident to the employment of one whose duty confines him to the work of a porter at the garage.

We conclude, therefore, that the trial judge was in error in sustaining the demurrer and that he should have heard the case upon its merits. Reversed and remanded.