Scott *v.* Shinn.

(*Jackson*, April Term, 1937.)

Opinion filed May 22, 1937.

Jack Norman and Louis Farrell, Jr., both of Nashville, for plaintiff in error.

Leftwich & Denney, of Nashville, for defendant in error.

Mr. Justice DeHaven delivered the opinion of the Court.

The plaintiff, Mrs. Mabel Lucille Scott, widow of James Brandon Scott, is seeking in this suit to recover statutory benefits for herself and children to which she claims they are entitled, under the Workmen's Compensation Law (Code 1932, section 6851 et seq.), by reason of his death.

The deceased, James Brandon Scott, was employed by defendant, E. S. M. Shinn, doing business as Nehi Bottling Company, as driver-salesman, and, as such, was

required to drive a delivery truck and make deliveries of bottled beverages from the Nehi Bottling Company to retail dealers. On May 28, 1926, Scott, in the course of his employment, entered a "dog wagon" lunchroom, at Second avenue and Shelby street, Nashville, and while there was shot and killed by a negro engaged in robbing the manager or proprietor of the restaurant.

The trial judge, upon the hearing, denied compensation and dismissed the suit. Plaintiff has appealed to this court and assigned errors.

The facts of the case are not in controversy. It appears that a counter divided the restaurant into two parts, in one of which the food was prepared behind the counter, the other part being reserved for customers. The customers' part of the lunchroom was also divided by a partition extending from the end of the lunchroom toward the counter. There was a door in the left side of the lunchroom at a point near the counter and another door, on the right side, behind the counter, referred to as the back door. There was an ice box located on the right side of the lunchroom near the passageway between the end of the counter and the wall.

About 9:30 p. m. on the date in question there were present in the lunchroom Harvey King, the manager, and two young lady customers. A negro came in the back door and passed across and shut the other door, referred to as the front door, and then went back of the counter to the cash register. At that time Scott, the deceased, pushed the front door open, entered, and walked across to the ice box. The negro came immediately from behind the counter, kicked the front door shut and locked it, and then walked behind Scott and said, "Stick them up." Scott put up his hands. The negro said, "Turn

around.'' When Scott turned around the negro said, ''I will shoot you.'' Scott replied, ''What have I done? Take whatever you want, I haven't done anything.'' The negro then shot him. When Scott fell and started to get up, the negro shot him through the back, and then immediately turned and shot King, the manager, and then ran out the back door. No attempt was made to rob deceased. The two customers were not molested.

At the time Scott entered the lunchroom, he was carrying no bottles. There was nothing to distinguish him as an employee of defendant. He was standing in front of the ice box when shot, where the negro would have to pass near him to get out of the back door. Scott made no move to stop the negro. There is no evidence to show that the negro knew Scott.

It was stipulated by counsel that the deceased was shot while in the course of his employment. The sole and only question involved in the case is whether or not the injury which resulted in the death of deceased was an accident which arose out of his employment.

In *Patten Hotel Co.* v. *Milner*, 145 Tenn., 632, 238 S. W., 75, 76; *Carmichael* v. *Mahan Motor Co.*, 157 Tenn., 613, 11 S. W. (2d), 672, and *Porter* v. *Travelers' Ins. Co.*, 163 Tenn., 526, 43 S. W. (2d), 1066, the court has quoted the following from *Connell* v. *Daniels Co.*, 203 Mich., 73, 168 N. W., 1009, 7 A. L. R., 1304:

''An injury arises out of the employment when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury.''

In *Patten Hotel Co.* v. *Milner*, *supra*, the court quoted

with approval the following from *Baum* v. *Industrial Comm.*, 288 Ill., 516, 123 N. E., 625, 6 A. L. R., 1245:

"While there must be some causal relation between the employment and the injury, it is not necessary that the injury be one which ought to have been foreseen or expected. It must, however, be one which, after the event, may be seen to have had its origin in the nature of the employment."

In *McNicol's Case*, 215 Mass., 497, 102 N. E., 697, L. R. A. 1916A, 306 (a case cited with approval in several reported decisions of this court), it was said:

"It is sufficient to say that an injury is received 'in the course of' the employment when it comes while the workman is doing the duty which he is employed to perform. It arises 'out of' the employment, when there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises 'out of' the employment. But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workmen would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood. . . . It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected

with the employment, and to have flowed from that source as a rational consequence.''

It is argued for plaintiff that Scott's employment took him to the lunchroom and presumably to the ice box, and, therefore, placed him in a place of danger when the negro sought to escape by the back door. The negro was back of the counter when Scott came in and could have reached the back door without coming around to the outside of the counter. However, as said in *Archibald* v. *Ott,* 77 W. Va., 448, 87 S. E., 791, 792, L. R. A. 1916D, 1013:

"It is not enough to say the accident would not have happened if the servant had not been engaged in the work at the time, or had not been in that place. It must appear that it resulted from something he was doing in the course of his work or from some peculiar danger to which the work exposed him.''

In 71 C. J., 650, 651, it is stated:

". . . The compensation acts do not generally constitute the employer an insurer against every accidental injury or physical seizure occurring during employment, and an injury purely coincidental, or contemporaneous, or collateral, with the employment, or the mere presence of the workman at the place of injury because of his employment, will not cause the injury or seizure to be considered as arising out of the employment. Causal relation is said to be established when the accident is shown to have arisen out of a risk which a reasonable person might have comprehended as incidental to the employment at the time of entering into it, or when the evidence shows an incidental connection between the conditions under which the employee works and his resulting injury.''

We are unable to see any causal connection between the nature of Scott's employment and his injury. Walking in on a holdup cannot be said to have been a peculiar danger to which his work exposed him. Under the facts of the case, we are constrained to affirm the decree of the trial court. Plaintiff will pay the costs of the appeal.