Whaley *v.* Patent Button Co.

(*Knoxville,* September Term, 1946.)

Opinion filed January 11, 1947.

(Designated for publication June 3. 1947.)

R. L. OGLE, of Sevierville, for complainant.

CLYDE W. KEY, of Knoxville, for defendant.

MR. JUSTICE GAILOR delivered the opinion of the Court.

This case was brought under the Workmen's Compensation Act, Code 1932, sec. 6851 *et seq.*, and the Chancellor made an award for total, permanent disability. On this appeal, it is insisted that while the injury was received "in the course of the employment," that it did not "arise out of the employment."

The salient facts are these: The Patent Button Company operates a button factory in Knoxville, Tennessee. An ex-soldier, named Walter Roach, had undertaken to secure employment there by operating a button molding machine. He showed himself either unfit for the operation of the machine or unwilling to work, and either quit or was discharged about September 15, 1945. Nine days later, on the night of September 24, Roach appeared at the windows on the first floor of the factory and on the outside. He was armed with a 22 rifle. Shooting this weapon through the windows, he wounded or killed three or four of the employees while they were operating the machines. Petitioner was operating one of the machines and when Roach came to the window opposite the machine where the Petitioner was working, he told Petitioner to get away from the machine. As Petitioner was moving around his machine Roach shot him and inflicted the wound for which Petitioner now seeks compensation.

Roach is a complete stranger to the Petitioner and was not at the time of the shooting, a fellow-employee. There is no evidence that he bore the Petitioner or any of the other employees any ill well. Roach was taken

into custody after the shooting and adjudged to be criminally insane.

■■ Construing the command to Petitioner to get away from the machine liberally in favor of Petitioner's claim, we think it a fair inference that the operation of the machine was causally connected with the shooting—that is that the fact that Petitioner was an operator was the reason that he was selected for the assault. This is supported by the fact that all the other employees who were shot were similarly engaged in operating machines when shot and no one who was not so operating a machine was injured.

"Do assaults arise out of the employment? They do if the assault is causally related to the work. It is sufficient if after the event there is apparent to the rational mind, a causal connection between the conditions under which the work is required to be performed and the resulting injury." Horovitz—Indiana Law Journal, Vol. 21, p. 531; *Hartford Accident & Indemnity Co.* v. *Hoage*, 66 App. (D. C.), 163, 85 F. (2d) 417, 418; *Katz* v. *A. Kadans & Co.*, 232 N. Y. 420, 421, 134 N. E. 330, 331, 23 A. L. R. 401; *Entrocut* v *Paramount Bakery & Restaurant Co.*, 222 App. Div. 844, 226 N. Y. S. 808; *London Guarantee & Accident Co* v. *McCoy*, 97 Colo. 13, 45 P. (2d) 900; *Greenberg* v. *Voit*, 250 N. Y. 543, 166 N. E. 318; *Hartford Accident & Indemnity Co.* v. *Cardillo*, 72 App. (D. C.) 52, 112 F. (2d) 11.

The case is ruled by *Carmichael* v. *J. C. Mahan Motor Co.*, 157 Tenn. 613, 11 S. W. (2d) 672, 673. There the claimant, a porter, while sweeping the floor of a public garage in the course of his employment, was shot in the eye when an air rifle in the hands of a small boy, 10 years of age, who was loafing about the garage, was

accidently discharged. This Court held that the injury "arose out of the employment." In the course of, the opinion, Judge COOK said:

". . . an injury arises out of the employment when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury." *Patten Hotel Company* v. *Milner,* 145 Tenn. 632, 638, 238 S. W. 75; *In re McNicols Case,* 215 Mass. 497, 102 N. E. 697, L. R. A. 1916A 306; *Cennell* v. *Oscar Daniels Co,* 203 Mich. 73, 168 N. W. 1009, 7 A. L. R. 1304.

We think there was material evidence to support the award by the Chancellor and his judgment is affirmed.

PAUL CAMPBELL, Sp. J., dissents; GREEN, C. J. and NEIL and PREWITT, J. J. concur.