JACKSON *v.* CLARK & FAY, INC. *et al.*

(*Jackson,* April Term, 1954.)

Opinion filed May 21, 1954.

Petition for Rehearing denied July 23, 1954.

McDonald, Kuhn, McDonald & Crenshaw, of Memphis, for plaintiff in error.

Louis E. Peiser, of Memphis, for defendant in error.

Mr. Justice Tomlinson delivered the opinion of the Court.

Alberta Jackson seeks compensation under the Workmen's Compensation Statute, Code, Sec. 6851 et seq., for the death of her husband, Sam Jackson. It is a fact that his death occurred in the course of his employment by Clark & Fay, Inc. He was killed by an act of God, to wit, a storm, while being transported by employer over the public highway in employer's truck from his place of employment at the end of the day's work to employer furnished sleeping quarters some miles away. The determinative question is whether this injury and resulting death *arose out of his employment.*

This appeal is from the judgment of the Probate Court allowing compensation. Statements in the opinion of the Trial Court give rise to the impression that it con-

sidered the case compensable because Jackson was at his place of employment at the time of the accident, and doing that which his employer expected, to wit, being transported back to his sleeping quarters. But our decisions are very clearly to the contrary. In *Thornton* v. *RCA Service Company, Inc.*, 188 Tenn. 644, 646, 221 S. W. (2d) 954, 955, it was held that "the mere presence at the place of injury because of employment will not result in the injury being considered as arising out of the employment", citing several of our cases so holding.

In order to hold this case compensable under our statute each of two questions must be answered in the affirmative. The first of these questions is this: Was the danger of being injured by a storm while traveling to and from his work in a truck along a public highway a danger peculiar to Jackson's work, rather than a danger common to the neighborhood through which the storm happened to be raging at the time it struck the truck which was traveling through that neighborhood? An affirmative answer is required if the death of Jackson is to be held compensable because *"the causative danger must be peculiar to the work and not common to the neighborhood.* \* \* \* an injury purely coincidental, or contemporaneous, or collateral, with the employment, \* \* \* will not cause the injury or seizure to be considered as arising out of the employment." *Scott* v. *Shinn*, 171 Tenn. 478, 482-483, 105 S. W. (2d) 103, 105. (Italics supplied.)

The second of these two questions (actually, it is embraced within the first) is: Could such an injury reasonably have been contemplated if it had been thought of at the time of the employment as a risk incident to Jackson's duties? If not, then the case is not compensable,

because although the injury " 'need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence.' " *Scott* v. *Shinn,* supra.

In the numerous conferences of this Court concerning this case there have been mentioned in support of the Trial Court's decree our following decisions: *Central Surety & Insurance Corporation* v. *Court,* 162 Tenn. 477, 36 S. W. (2d) 907; *Mayor and Aldermen of Town of Tullahoma* v. *Ward,* 173 Tenn. 91, 114 S. W. (2d) 804; *W. C. Sharp Drug Stores* v. *Hansard,* 176 Tenn. 595, 144 S. W. (2d) 777; *Carter* v. *Hodges,* 175 Tenn. 96, 132 S. W. (2d) 211; *Carmichael* v. *J. C. Mahan Motor Co.,* 157 Tenn. 613, 11 S. W. (2d) 672; *Whaley* v. *Patent Button Co.,* 184 Tenn. 700, 202 S. W. (2d) 649; *T. J. Moss Tie Co.* v. *Rollins,* 191 Tenn. 577, 235 S. W. (2d) 585; *Tapp* v. *Tapp,* 192 Tenn. 1, 236 S. W. (2d) 977.

While some of the above mentioned cases seem to be border line decisions which should be confined to their particular facts, nevertheless, upon reading them it will be found that in each the injury arose from a foreseeable risk incident to the work which the employee was required to do, except *Whaley* v. *Patent Button Co.,* supra. There the Court found evidence which seemed to satisfy it of a causal connection between the conditions under which the work was required to be performed and the resulting injury in that the assault was made upon the employee because of the fact that he was operating one of the machines, a job from which the aggressor had been discharged. The majority of this Court is of the opinion that no one of these cases is authority for the conclusion reached by the Trial Court in the case now being considered.

In dealing with that particular question with which this case is concerned, the circumstance under which the injuries of employee are compensable is clearly brought out in *Carter* v. *Hodges,* 175 Tenn. 96, 132 S. W. (2d) 211, and the circumstance under which the employee's injuries are not compensable is outlined with equal clarity in *Scott* v. *Shinn,* supra [171 Tenn. 478, 482-483, 105 S. W. (2d) 105].

In *Carter* v. *Hodges,* supra, the duties of employee, Hodges, made it necessary for him to frequently spend nights in hotels. So that was a part of his employment. He lost his life by reason of a fire which destroyed the hotel wherein he was so staying. It was held to be a compensable injury on the ground that the danger of being injured by the hotel burning is a danger incident to staying in a hotel at night. No reasoning is necessary to sustain the statement that the burning of the hotel is a foreseeable hazard. The rigid laws aimed at prevention of fires in hotels, and laws with reference to fire escapes therein, and other such laws, conclusively illustrate that the hazard of fire in a hotel is generally recognized. Thus it was a foreseeable hazard incident to the employment; therefore, compensable.

On the other hand, in *Scott* v. *Shinn,* supra, the employee walked in a store for the purpose of delivering bottled beverages, a duty of his employment. He was shot and killed by a man who entered for the purpose of robbery. This Court held that this case was non-compensable, saying: "We are unable to see any causal connection between the nature of Scott's employment and his injury. Walking in on a holdup cannot be said to have been a peculiar danger to which his work exposed him."

In both *Carter* v. *Hodges,* supra, and *Scott* v. *Shinn,*

supra, the employee was at the place expected by the terms of his employment and doing that which was expected of him by reason of his employment. In the Carter case the injury was held compensable because it came naturally from a foreseeable hazard incident to the employment. In the Scott case the injuries were held noncompensable because they resulted from a reasonably unforeseeable happening, not a hazard incident to the employment.

In *Porter* v. *Travelers Insurance Company*, 163 Tenn. 526, 43 S. W. (2d) 1066, 1067, employee, Porter, while performing his duties, at the time and place expected of him, happened to walk into a group of men who were being robbed. The robber shot Porter. The case was held to be noncompensable with this statement: ''This employee met his death, not because he was a collector of the ice company, but because he was numbered in the crowd. We find no causal relation between the employment and the accident.''

In *Thornton* v. *RCA Service Company Inc.*, 188 Tenn. 644, 221 S. W. (2d) 954, 956, employee Thornton, in the course of his employment, stopped at a restaurant for dinner, as was expected of him. He was assaulted and severely injured by a stranger who was either drunk or insane. The case was held non-compensable

''because the assault did not arise out of any risk peculiar to the employment of the party assaulted, and was not made because of the employment, or identity of his employer. * * * He was not subjected to any more or different risk from that of any other member of the public who happened to be in this restaurant at that time. The fact is that a man who was either crazy, or drunk or otherwise irre-

sponsible, just happened to select Thornton from those present as the person upon whom he would make the assault.''

The injuries in the case at bar cannot be held compensable without overruling the cases above discussed, in the opinion of the majority of this Court. Each of them simply followed the fundamental rule stated in *Hendrix* v. *Franklin State Bank*, 154 Tenn. 287, 290-291, 290 S. W. 30, 31, as follows:

"'It is essential that the injury to the employee which the law obligates the employer to compensate for be one that by the exercise of foresight the employer might have contemplated as a result of engaging in the business and contracting with his workmen.'"

It is obvious in the case at bar that the employer, Clark & Fay, could not by the exercise of foresight have contemplated that Jackson might be killed by a storm, because he was being transported in a truck over a public highway to and from his place of employment.

█ Acts of God are held compensable when the employee, by reason of his employment, is subjected to a hazard from such act of God not common to the general public, but peculiar to the nature of the employment and to the conditions under which that employment is required to be performed. See Schneider's Workmen's Compensation Law, Second Edition, Volume 1, Section 298; and 58 American Jurisprudence, page 760, Section 260. Our sunstroke cases resulting from overheat brought on by exertion in the hot sun in performing the duties of the employment are illustrations of an act of God creating a foreseeable hazard peculiar to the work of the employee as distinguished from a hazard common

to the general public. It is generally known that the danger of a sunstroke under such conditions exists.

But there is no such situation in the instant case as that immediately above detailed. This storm was not a danger peculiar to the work in which Jackson was engaged. It was a danger common to the general public at the time and place where it occurred. It was not a hazard incident to his employment. It did not have its origin in a risk connected with that employment. It did not flow from that source as a rational consequence. The employer by the exercise of reasonable foresight could not have reasonably contemplated this hazard as a result of transporting his employees from their place of employment to their night quarters.

It is said in conference that our *Scott* v. *Shinn,* supra, was based on a Massachusetts decision which a subsequent Massachusetts Court has overruled. Whether or not this is a factually correct interpretation of the subsequent Massachusetts case is immaterial. *Scott* v. *Shinn,* simply reenunciated the principle long prior thereto stated in *Hendrix* v. *Franklin State Bank,* supra, and heretofore quoted. The fact that the great Court of Massachusetts has changed its mind, if it has, is no reason for our overruling that line of cases illustrated by *Scott* v. *Shinn,* and consistently followed by this Court since the enactment of our Workmen's Compensation Statute.

For the reasons stated, and upon the authority of the decisions hereinbefore mentioned, the majority of this Court, with Mr. Justices Prewitt and Burnett disagreeing, feel compelled to conclude that the injuries which befell Jackson did not arise out of his employment; hence, not compensable. Accordingly, the decree of the

Probate Court will be reversed and the petition dismissed with all costs adjudged against petitioner, Alberta Jackson.

BURNETT, Justice (dissenting).

MR. JUSTICE PREWITT joins me in dissenting to the majority opinion in the above case.

This is a workmen's compensation case. The trial judge after a full hearing determined that the dependents of the deceased employee, Sam Jackson, were entitled to compensation under the Act. Necessary steps have been taken to seasonably perfect an appeal to this Court where excellent briefs have been filed, argument heard and we now have the matter for determination.

All questions are conceded allowing the petitioners compensation except the plaintiffs in error contend that at the time of the injuries and death of the deceased employee this did not arise during the course of the employment. In plaintiff in error's brief it is said: "the only question presented to the Court was whether or not death due to an act of God, to-wit, a tornado, was compensable when there was no causal connection between the death and the employment and the workman was exposed to no more hazards than others in the same locality."

Clark & Fay, Incorporated, had employed one Gatson to do certain brick work or masonry work at Cotton Plant, Arkansas, which is about 20 miles from Brinkley, Arkansas, and around 100 miles from Memphis, Tennessee. Gatson among others employed the deceased employee, Sam Jackson, to make the trip to Arkansas and do the work. Additional labor was furnished from the farm. Clark & Fay, Incorporated, arranged for the transportation of these employees from Memphis and for

their meals, and hotel accommodations at Brinkley, Arkansas, as there were no accommodations for them at Cotton Plant, Arkansas. Clark & Fay, Incorporated, furnished the gasoline and arranged for Gatson to use his truck to transport these men to and from their work at Cotton Plant, Arkansas, to Brinkley, Arkansas, where they were housed at night during this work.

This work had started some two days before the deceased was injured and died as a result of these injuries. Each evening after work at about 5:30 they quit their work at the plantation and were taken in the truck, furnished by the defendants to Brinkley, Arkansas, and each morning they were transported back to this work in this truck. On the third day, March 21, 1952, the men, including the injured employee were engaged in laying brick and fixing a chimney at the direction and under the control of a supervisor for the plaintiffs in error. At about 5:00 o'clock on the fatal evening it began raining and the men were instructed by their superior to quit for the day and to cover their work. They did this. After this was done they were directed to get into the truck to be taken to their hotel where they were staying at Brinkley, Arkansas, for the purpose of spending the night to return to the job the next morning. Their supervisor had preceded them in his car. As they were driving along the road, the truck being driven by a fellow employee, and when they were about 9 miles from their place of work and nearly halfway to where they were kept for the night, they noticed a big cloud approaching. The truck driver tried to outrun what turned out to be a tornado, but without success. This tornado hit the truck and carried the truck and the men in it about 150 yards over into a field, demolishing it, and throwing the men

about the field, all of whom were injured. The deceased employee, Jackson, was so badly hurt that he was left behind and was later taken by someone to a hospital in Little Rock, Arkansas, where he died during the night.

The trial court found:

"The Court finds that the presence of Sam Jackson in that particular truck, on that particular road, at the particular time and place that the tornado struck, was incidental to the said employment, and pursuant to the arrangements made by, and the directions of the employer; that the said circumstances occasioned and contributed to the death of Sam Jackson; and contributed to and participated with the tornado in making the set of circumstances which caused and resulted in the injuries and death of Sam Jackson; and his injuries and death arose out of and in the course of his employment, as this clause is liberally construed."

It is conceded that the Courts of this State have never had before them the exact question herein, that is, whether or not one injured by an act of God is compensable under our Compensation Act. Numerous cases pro and con on the question are cited in the briefs of the respective parties. It would not profit anything to review these cases as it seems to us that the facts of the particular case under the applicable statutory enactment of the State as interpreted by the Courts of that State are probably controlling in the respective opinions.

The basis of the argument contesting the applicability of our Workmen's Compensation Law to the facts of this case are that in the instant case there is no causal connection between the injury and the employment and that the employment and the tornado must be essentially related.

It is said that the cases wherein compensation is allowed are based on facts which showed that the employment presented additional hazards to the act of God, not shared in by other members of the community. To illustrate this argument it is conceded ''had the deceased in this case been actually laying brick at the time the tornado struck a chimney or a wall causing it to topple upon him producing death then no one would argue against recovery.'' Then following this concession it is said that under the evidence which is true, that ''at the time the tornado struck the deceased he was riding with others in a truck upon an open road along with other vehicles which were likewise struck.'' It is hard to get the wise distinction between being required to lay brick and being struck by the tornado and being required to ride the truck and getting hit by the tornado.

As we view the matter the facts of the case show, and it was so found by the trial judge, that at the time of the injuries which resulted in the death of this employee, he was being transported by his employer from a place of work to a place where he was kept by the employer during the night and then would be transported back to the place of the work the next day. In other words if the employee had not been at this particular point at the time that the tornado struck he would not have been injured and killed probably. He was at this point at the direction of his employer and was in a conveyance furnished by the employer and operated by the employer's servant. Under such circumstances it is hard for us to make any fine distinction between one thus injured and one being run into by a truck when he is traveling along the road in the employer's conveyance at the direction of the employer and is killed. Under such circumstances, where

no act of God intervened but just the negligence of another, we do not think it would be contended that the dependents of the employee were not entitled to compensation.

We have consistently held that where transportation is furnished an employee as a part of the employment contract that the employee's accidental death while on the way to work in the morning is compensable as arising out of and in the course of employment. *W. C. Sharp Drug Stores* v. *Hansard,* 176 Tenn. 595, 144 S. W. (2d) 777; and that where a policeman was injured along his way home from work in arresting a guilty drunk driver was entitled to compensation; *Mayor and Aldermen of Town of Tullahoma* v. *Ward,* 173 Tenn. 91, 114 S. W. (2d) 804, and that a candy salesman who died in a fire in Atlanta where his employment required him to spend the night preparatory to keeping his work was entitled to compensation; *Carter* v. *Hodges,* 175 Tenn. 96, 132 S. W. (2d) 211. We could repeat a number of other cases if time was sufficient for our investigation to point these out. It seems though that this line of cases is sufficient to show the thought of the courts in determining the question. The question in the cases cited is related to the question under consideration.

As heretofore said the question in this suit is, Did the accident arise out of Jackson's employment?

It is argued with great force, by the employer, that the definition of this term ("out of the employment") has been fixed by this Court in many previous decisions. And particularly by the language used in *Scott* v. *Shinn,* 171 Tenn. 478, 482-483, 105 S. W. (2d) 103, 104, as follows:

"'Excludes an injury which cannot fairly be traced to the employment as a contributing proxi-

mate cause and which comes from a hazard to which the workmen would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood. * * * It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence.' ''

The author of American Jurisprudence says of the term:

"Whether an injury arises out of and in the course of the employment, so as to be compensable under a workman's compensation act, depends upon the peculiar circumstances of each case. The question may not be resolved by reference to any fixed formula." 58 Am. Jur., page 718, Sec. 210.

An English Lord has said (the term is lifted bodily from the English Act):

"The few and seemingly simple words 'arising out of and in the course of the employment' have been the fruitful (or fruitless) source of a mass of decisions turning upon nice distinctions and supported by refinements so subtle as to leave the mind of the reader in a maze of confusion. From their number counsel can, in most cases, cite what seems to be an authority for resolving in his favour, on whichever side he may be, the question in dispute." Lord Wrenbury in *Herbert* v. *Foxx & Co.*, 1916, 1 A. C. 405, 419.

We think that this statement is without a doubt one of the most truthful that can be found anywhere in the law books. Anyone who makes any search and study of the decisions will find the statement true without question.

We again refer to the definition of the term or statement of the term above quoted from *Scott* v. *Shinn,* supra. A careful analysis of this opinion will show the reader that this conclusion is largely based upon an opinion of the Supreme Court of Massachusetts in the *McNicol's Case,* 215 Mass. 497, 102 N. E. 697, L. R. A. 1916A, 306. It was expressly stated in the Shinn case, after quoting at length from the Massachusetts case, that this case had been cited with approval by this Court in several previously reported decisions. Many of these decisions are cited in the Shinn case. In 1940 the Supreme Court of Massachusetts in *Caswell's Case,* 305 Mass. 500, 26 N. E. (2d) 328, 330, adopted what seems to us a much more applicable and fair definition of the term. In adopting this definition, hereinafter to be quoted in full, the Supreme Court of Massachusetts was dealing with an injury to an employee who was injured by reason of a cyclone striking a building in which he was working and knocking the building down on him and injuring him. Be this as it may the definition of the term thus employed in allowing this employee compensation seems to us the fair, reasonable and the more correct definition to be applied to the term. The Massachusetts Court said:

"There is another principle upon which the employee, in our opinion, is entitled to compensation. Unquestionably, the injury was received in the course of his employment. The only other requirement is that the injury be one 'arising out of' his employment. It need not arise out of the nature of the employment. *An injury arises out of the employment if it arises out of the nature, conditions, obligations or incidents of the employment; in other words, out of the employment looked at in any of its aspects."* (Emphasis supplied.)

We think the italicized language more nearly meets the requirements of the Workmen's Compensation Law than any we have seen. We now expressly approve and adopt such as the correct definition of the term "arising out of the employment". In fact we have applied such a definition in many cases heretofore decided without expressly so saying.

In *Carmichael* v. *J. C. Mahan Motor Co.*, 157 Tenn. 613, 11 S. W. (2d) 672, 673, this Court allowed compensation to an employee who was shot in the eye by an air rifle which was being played with by some boys visiting at the motor company. The Court in that case recognized that:

> "The Compensation Act cannot be considered as a statute intended to define a situation or fix a liability by adherence to rules of the common law applicable in negligence cases. It was intended to relieve society of an economic burden and to ameliorate a social condition, and therefore must be construed as imposing liabilities without reference to the common law. The language of the act defining compensable injuries must be construed according to the fair meaning of the words used and in their ordinary sense, without reference to conditions under which the common law afforded compensation to an injured employee."

It is inescapable to our minds under the facts shown by the record and heretofore related in this opinion that one could reach the conclusion that this injury did not arise out of the employment under the circumstances. We too have held that where an employment imposes upon the employee a duty to travel at the will of the employer, making risk of travel directly instant to the employment,

that the resulting injuries are compensable. *Central Surety & Insurance Corporation* v. *Court*, 162 Tenn. 477, 480, 36 S. W. (2d) 907, 908. In this case this Court speaking through Mr. Justice Cook very clearly saw, and so stated, that there were many times within the compensation act wherein rules that had been laid down should have exceptions engrafted on them. In the Court case, supra, the rule relied upon by the employer was that injuries resulting to employees while away from their business and injuries due to common hazards of the street were not compensable. The Court said:

"This general rule calls for an exception where the contract of employment subjects the employee to such risks and hazards as are incident to performance of duty. This is so because the employment imposes the duty upon the employee to go from place to place at the will of the employer in the performance of duty, and the risks of travel are directly incident to the employment itself."

It is obvious that this holding and statement of this Court can very easily be paraphrased to fit the facts of the present case. Here the employment imposed a duty upon Jackson, the employee, to go to the place that he was working and to the home where he was kept by and at the direction of the employer and it seems to us then that any risks that he had were clearly incident to the employment and comes well within the definition of this term that we have herein adopted, heretofore set forth.

In *Mayor and Aldermen of Town of Tullahoma* v. *Ward*, 173 Tenn. 91, 114 S. W. (2d) 804, we held that a policeman (off duty) who was hit by a drunken driver was entitled to compensation. The Shinn case was expressly distinguished. We, in effect, applied the term as

it is herein defined. Again in *Whaley* v. *Patent Button Co.,* 184 Tenn. 700, 202 S. W. (2d) 649, we held one shot by an insane, discharged employee compensable.

In *E. I. Du Pont De Nemours Co.* v. *Lilly,* Ind. App. 1947, 75 N. E. (2d) 796, 798, the appellate courts of Indiana held that an employee struck by lightning while following his employer's instructions to take shelter a safe distance from explosive powder during a storm, arose out of his employment so as to be compensable. The Court in this case quotes from another Indiana case [*Broderick Co.* v. *Flemming,* 116 Ind. App. 668, 65 N. E. (2d) 257] wherein it is said: There is " 'evidence in the record to justify and warrant the Full Industrial Board in finding that Flemming would not have been at the place where the accident occurred except for his employment, and for this reason there was and is a causal connection between the conditions and environment of the employment and the resulting fatal accident, and also there is ample evidence to support the finding of the Industrial Board that the accident "arose out of the employment" as those words are used in the Indiana Workmen's Compensation Act.' "

In the Georgia case of *McKincy* v. *Reynolds & Manley Lumber Company,* 79 Ga. App. 826, 54 S. E. (2d) 471, 473, that Court held that an employee of the lumber yard who was struck by lightning and killed was entitled to compensation. The court among other things said:

"The evidence shows that the employee was where his duties required him to be, in the large lumber yard among stacks of wet or damp lumber, and the finding was demanded that by reason of his employment he was exposed to a hazard not equally shared by the community. It is of no importance that light-

ning had never before struck in the lumber yard. The test is not whether the injury was caused by an act of God, but whether the one injured was by his employment specially endangered by the act of God, be it lightning, tornado, or windstorm. * * * We hold that under the evidence in this case the employee met his death from an accident arising out of his employment * * *."

Regardless of what definitions our decisions have heretofore applied to the term "arising out of the employment" we have granted compensation in various cases where the facts showed that the injury arose out of the nature, conditions, obligations or incidence of the employment as viewed from most any of its aspects. Those principles were applied by this Court in *T. J. Moss Tie Co.* v. *Rollins,* 191 Tenn. 577, 235 S. W. (2d) 585, where a laborer who was loading cross-ties suddenly stopped after carrying a tie and his head snapped and he fell to the ground. It appeared that on that date it was very hot and the record showed that his death was not due to heart failure but was due to a sunstroke. In *Tapp* v. *Tapp,* 192 Tenn. 1, 236 S. W. (2d) 977, we applied the same principle again where a truck driver "blacked out". In this case we held that "causal connection" in applying the term meant that it was used in the sense that the accident had its origin in the hazards to which the employment exposed the employee while doing his work. This Court held in both of those cases that the injury was compensable. Then there is the Virginia case of *Scott County School Board* v. *Carter,* 156 Va. 815, 159 S. E. 115, 83 A. L. R. 229, where a school teacher was killed in a school room which was demolished by a cyclone. The case of *Industrial Commission of Ohio* v. *Hampton,*

123 Ohio St. 500, 176 N. E. 74, is a tornado case. In both of these cases compensation was allowed.

There are decisions denying compensation in similar circumstances but we are unable to follow them. Such cases are *Abell Chevrolet Co.* v. *Industrial Commission,* 370 Ill. 460, 19 N. E. (2d) 361; *Gale* v. *Krug Park Amusement Co.,* 114 Neb. 432, 208 N. W. 739, 46 A. L. R. 1213; *Baker* v. *State Industrial Commission,* 138 Okl. 167, 280 P. 603; *Stone* v. *Blackmer & Post Pipe Co.,* 224 Mo. App. 319, 27 S. W. (2d) 459; *Rush* v. *Empire Oil & Refining Co.,* 140 Kan. 198, 34 P. (2d) 542.

By reason of Sam Jackson's employment he was at the place where he was injured. He was where his employment took him, and the hazard of the tornado passing over at that particular time seems to us as incidental to such employment. This is not changed by the fact that the public generally in that vicinity was exposed to the hazards of the tornado. The admitted facts compel the inference that the injury to Jackson resulted from conditions produced by the tornado, and likewise because he was in the particular locality at the time in question. That fact is due to his employment. If he had not been on this employment and required to go backward and forward on this night, he might have been at home in Memphis and not where he was injured and killed. It is certain that if it had not been for this employment and his superior directing him to get in this truck and go home at the time he would not have been on the road when he met his death.

Such being the case, the facts clearly warrant the conclusion that the injury of Jackson and resulting death was received in the course of his employment and likewise that his injury arose out of his employment with-

in the spirit, purpose, and meaning of our Workmen's Compensation Act. The result is that the judgment below should be affirmed.

On Petition to Rehear

Tomlinson, Justice.

This petition calls attention to the great importance of the results of this case to the widow and child of the deceased workman. When the majority decision in this case was rendered, those of the Court constituting that majority were keenly aware, and accordingly as regretful, of the importance of the results of this case to these persons. However, under the wording of our statute, as construed by all our decisions, we felt compelled to reach the conclusion stated. The matter is fully discussed in the majority opinion. Further discussion could amount to nothing more than a repetition of that already said.

The petition refers as authority for its insistence for a reversal of our former opinion the cases of *Central Surety & Insurance Corporation* v. *Court,* 162 Tenn. 477, 36 S. W. (2d) 907, and *Employers' Liability Assurance Corp.* v. *Warren,* 172 Tenn. 403, 112 S. W. (2d) 837. Both of those cases were held compensable because the injury arose from a foreseeable risk directly incident to the employment itself; thus considered a part of the contract of employment between employer and employee under the Workmen's Compensation Law, Code, Sec. 6851 et seq. The thought of being killed by a storm while traveling from the place of employment to sleeping quarters cannot, in the opinion of the majority, be said by any logical course of reasoning to have been a foreseeable risk incident to the employment of deceased.

Petitioner strongly relies on the Indiana cases of *E. I. Du Pont De Nemours Co.* v. *Lilly*, Ind. App., 75 N. E. (2d) 796, and *In re Harraden*, 66 Ind. App. 298, 118 N. E. 142. Both cases do say that the injuries in each fell within the Workmen's Compensation Act because the injured employee was at his place of employment doing what he was supposed to do at the time he was injured by some unforeseeable and disconnected act. Our decisions simply hold to the contrary, as expressly observed in our former opinion. Counsel could hardly expect this Court to desert its own decisions in order to embrace the decisions of another jurisdiction holding to the contrary. Hence, from that point of view, the petition should be addressed, in so far as future cases are concerned, to our legislature.

In the opinion of those members of this Court who joined in the majority decision heretofore announced, this petition to rehear must be, and accordingly is, denied.