OMAN CONSTRUCTION COMPANY INC., and STANDARD ACCIDENT INSURANCE COMPANY,

*v.*

MRS. CARL JACK HODGE, individually and as guardian for CARLA SUE HODGE and ROBERT LEE HODGE.

(*Knoxville,* September Term, 1959.)

Opinion filed October 2, 1959.

SIMMONDS, BOWMAN & HERNDON, Johnson City, for plaintiffs-in-error.

STACY J. GRAYSON, Bristol, for defendant-in-error.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The Circuit Judge sustained the petition below and allowed Workmen's Compensation under the statute, T.C.A. sec. 50-901 et seq.

The case involves the question of whether or not there is material evidence to support the conclusion that the employment in which the deceased workman was engaged resulted in a special risk of his being struck by lightning.

It appears that the deceased was killed September 17, 1958, while he was employed by the Oman Construction Company and was working on a road in Sullivan County.

The deceased was found lying near the center of the road and all up and down the road was road machinery of different types made out of metal.

Fred Dulaney, an expert witness, who testified in this case, was of the opinion that this place is an open area and the fact that there is a rather large concentration of a large mass of metal that it would be attractive to a bolt of lightning more so than it would be in an area where there was not any large mass of metal; and that voltage lines attract lightning and also that uninsulated telephone lines would attract lightning.

In Larsons Workmen's Compensation Law, Volume 1, on Pages 52 and 53, there are numerous lightning cases cited:

"Similarly, the nearness of metal or electrical wiring has generally, alone or in combination with other facts, been held sufficient to show an increased light-

ning hazard. Among the fact combinations supporting awards will be found the following: a steel bristle broom held by a roadworker; a galvanized can carried by a laborer; a metal roof and metal chains in the barn where the lightning struck; tools in the box on which the employee sat under a tarpaulin; metal tools held by deceased while working on a steel bridge; steel rails and electric power lines near where deceased was walking; metal pipe carried by a cemetery worker; a coil of wire cable hung over rafters a few feet from a carpenter's position; a metal mast and guy wires near an oil-field worker's place of work; a pipe line near which deceased was working with a shovel; and a telephone switchboard through which lightning reached an operator * * *.''

58 Amer.Jur.Sec. 224:

''It is also generally held that an injury received by a workman at a time when he is seeking shelter from a storm arising during working hours, where he intends to return to work after the storm passes, is the result of an accident arising out of and in the course of his employment, for which compensation can be had. * * *''

The only reported case dealing with death by lightning in Tennessee seems to be *Mason-Dixon Lines, Inc. v. Lett*, 201 Tenn. 171, 297 S.W.2d 93, where the deceased was killed while operating a valve to an irrigation pump while in the course of his employment. In that case a recovery was upheld.

In the present case lightning did strike the deceased and killed him under conditions which were created by his employer and described by expert testimony as being

more hazardous with regard to being struck by lightning than the position of others in the community, not so located.

This being the case it is distinguishable from the case of *Jackson v. Clark & Fay, Inc.*, 197 Tenn. 135, 270 S.W. 2d 389.

We are therefore of the opinion there is no error in the judgment of the lower court allowing compensation and it is affirmed.