**Beulah HILL, Appellant,**

**v.**

**ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Appellee.**

Supreme Court of Tennessee.

July 29, 1974.

Jerry W. Carnes, Nashville, for appellee; Branstetter, Moody & Kilgore, Nashville, of council.

## OPINION

CHATTIN, Judge.

Appellant, as surviving wife and dependent, brought this action seeking an award under the Workmen's Compensation Act for the death of her husband, Bluford Hill.

Appellant, in her complaint, alleged that on March 15, 1973, her husband was an employee of Path Manufacturing Company in Sparta; that he was employed by the Company as a night watchman; and that while at work on that date he was crushed to death due to the collapse of the building in which he was working during the presence of a tornado.

Appellee responded that the injury and death did not arise out of or in the course of deceased's employment, and that the tornado was the proximate cause of the death of Bluford Hill.

After an evidentiary hearing, the Chancellor found and decreed the injuries and death did not arise out of deceased's employment and dismissed the suit.

Appellant has perfected this appeal and assigned four alleged errors on the part of the Chancellor.

We quote the first assignment as follows:

"That the record is deplete of material evidence to sustain the finding of the Chancellor, since the testimony is undisputed that the cause of the building's collapse was due to sub-par construction. This fact coupled with the proof of foreseeability of tornadoes in White County required recovery under prevailing Tennessee Case Law."

On appeal, in workmen's compensation cases, the finding of the Chancellor is conclusive on questions of fact, though the

Donald G. Dickerson, Cookeville, for appellant.

preponderance of the evidence be against the finding. Threet v. Cox, 189 Tenn. 477, 226 S.W.2d 86 (1950).

■ It is undisputed the building in which deceased was killed was destroyed or collapsed as a result of being struck by a tornado. Hill's death certificate and the United States Department of Commerce publication, Storm Data, exhibits filed in the record, so state.

"Acts of God are held compensable when the employee, by reason of employment, is subjected to a hazard from such act of God not common to the general public, but peculiar to the nature of the employment and to the condition under which that employment is required to be performed." Jackson v. Clark and Fay, Inc., 197 Tenn. 135, 270 S.W.2d 389 (1954).

Van Brown, an engineer, testified he had since 1950 been engaged in designing and constructing commercial and industrial buildings.

He testified in designing and constructing industrial and commercial buildings no consideration is given to the possibility of a tornado striking them. He stated the Southern Standard Building Code did not provide standards that would resist the force of a tornado; and that it was not economically or practically possible to construct an industrial or commercial building that would withstand the force of a tornado.

He further testified a tornado was unpredictable; that the path and the type of damage a tornado may cause is unpredictable; and that it may touch down at ground level and skip a distance and then again touch down and sweep a path.

The proof further shows the building was completed in 1947; and that it had only suffered minor damage about 1965 from hail and wind.

Ed Lebenhart, President of the Path Manufacturing Company, testified as to damage caused by the tornado to other buildings in the vicinity. He stated the roof of a feed mill was partially torn off; that a tobacco barn directly behind the Path building was destroyed; that the roof of the Sparta Tobacco Company building was torn off; that the roof of a brick building adjacent to the Path building was torn off; and that a wooden barn in the vicinity was destroyed.

Exhibit 8 shows the path of the tornado in Sparta was one-sixteenth of a mile long and three hundred yards in width; and that the total property damage amounted to $250,000.00.

The tornado was not a hazard or risk peculiar to the work of Hill as a night watchman. It was a danger common to the general public at the time and place where it occurred. It was not a hazard incident to Hill's employment. It did not flow from his work as a rational consequence. His employer by the exercise of reasonable foresight could not have reasonably anticipated a tornado as a result of Hill's employment.

We think there is ample material evidence in the record to support the finding of the Chancellor.

■ Appellant's second assignment of error alleges the Chancellor erred as a matter of law in interpreting Jackson v. Clark and Fay, Inc., supra. Appellant attempts to support this insistence by distinguishing that case from the case at bar by saying in the Jackson case the employee was being transported from his job site to his sleeping quarters furnished by his employer when he was killed; and that Hill was at his job site when killed.

However, the basis of the Court's decision in *Jackson* was that the death of Jackson was caused by the storm in the course of his employment. But since Jackson was exposed to no greater danger by riding in the truck than the general public, the injury did not "arise out of his employment."

"It must appear that death has occurred from something he was doing in the course of his work or from some peculiar danger to which the work exposed him. Further, the mere presence of the employee at the place of injury because of the employment will not alone result in injury being considered as arising out of the employment. Injury or death of an employee, to be compensable, must arise out of a risk peculiar to the employment. Injury or death of an employee from an exposure which is no more or different of any other member of the public similarly situated in place and time is not compensable." Knox v. Batson, 217 Tenn. 620, 399 S.W.2d 765 (1965).

We are of the opinion the Chancellor correctly applied the law of this State as stated in *Jackson* and *Batson* to the facts of this case. We overrule the assignment.

■ Appellant's third assignment of error contends the majority decision in Jackson is contrary to public policy and should be overruled.

We do not think it is contrary to public policy for the Workmen's Compensation Act to require that an injury to be compensable must arise out of and in the course of the employment.

Since the decision in Jackson was handed down the legislature has not attempted to change or broaden the Workmen's Compensation Act in order to vacate this Court's decision in Jackson, although it has been amended in other respects.

However, Counsel for appellant cites cases from seven of our sister states which support his contention that the modern trend of the law on the question presented in this case requires a reversal of the decree of the Chancellor in this case.

Five of these cases were decided prior to Jackson and this Court expressly declined to follow them. The Court stated on the petition to rehear in Jackson, "Counsel could hardly expect this Court to desert its own decisions in order to embrace the decisions of another jurisdiction holding to the contrary. Hence, from that point of view, the petition should be addressed, insofar as future cases are concerned, to our legislature." Jackson v. Clark and Fay, supra. We overrule appellant's third assignment.

■ Finally, appellant insists the test of recovery in *Jackson* should be abandoned because it violates the equal protection clause set forth in the Fourteenth Amendment to the Constitution of the United States.

To support this contention, appellant insists this Court has held in two cases that employees while working outside and struck by lightning were entitled to recover compensation while holding in the *Jackson* case an employee injured by a tornado while working inside a building was not entitled to recover. Thus, appellant says this Court in *Jackson* established a discriminatory classification by denying compensation because Hill was at work inside a building.

The two cases referred to by Counsel are Mason-Dixon Lines v. Lett, 201 Tenn. 171, 297 S.W.2d 93 (1956) and Oman Construction Co. v. Hodge, 205 Tenn. 627, 329 S.W.2d 842 (1959).

The *Jackson* case was expressly distinguished from the case of Oman Construction Co. v. Hodge, supra. In the *Mason-Dixon* case the rule in *Jackson* was reiterated and approved.

To require an injury occasioned by an act of God to arise out of a hazard or risk peculiar to the employment in order to be compensable is not an unreasonable or irrational interpretation of the Compensation Act.

The courts must draw the line between compensable and noncompensable injuries. If the Act is not limited to the purposes for which it was enacted, then the public suffers. If the Act is given a too liberal construction, it would defeat the purposes

of the Act by awards for injuries the legislature did not intend to cover.

It is the duty of the Court to delineate the bounds of the Workmen's Compensation Act. There is no violation of due process or equal protection if a reasonable basis exists for the limitations found.

Under the facts of this case, and applying the law as set down by this Court, the distinction made between those who can and those who cannot recover under the Compensation Act for injury or death occasioned by an act of God must be upheld as constitutional.

The decree of the Chancellor is affirmed. Appellant will pay the costs.

DYER, C. J., McCANLESS and FONES, JJ., and LEECH, Special Justice, concur.