FILED

April 5, 2017

TN COURT OF
WORKERS'
COMPENSATION
CLAIMS

Time 8:38 AM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT JACKSON

| | | |
|---|---|---|
| **ROBERT LAWRENCE,** | ) | **Docket No. 2015-07-0147** |
| **Employee,** | ) | |
| **v.** | ) | **State File No. 53531-2015** |
| **STOP N' SHOP,** | ) | |
| **Employer.** | ) | **Judge Allen Phillips** |

## COMPENSATION HEARING ORDER DENYING BENEFITS

This matter came before the undersigned Workers' Compensation Judge on March 22, 2017, for a Compensation Hearing. Mr. Lawrence requested medical benefits for an alleged knee injury. Stop N' Shop did not appear. Accordingly, the central legal issue is whether Mr. Lawrence established by a preponderance of the evidence that he is entitled to the requested benefits. The Court finds he did not do so and denies his claim.

### History of Claim

After an Expedited Hearing, the Court issued an Order Denying Medical Benefits on September 13, 2016. On December 9, 2016, the Court entered a Scheduling Order that included the scheduling of this Compensation Hearing. Stop N' Shop did not appear for any of the scheduled hearings.

At the Compensation Hearing, Mr. Lawrence provided the same testimony, with some elaboration, as at the Expedited Hearing and offered the same exhibits. He produced no witnesses other than himself at the Compensation Hearing.

The evidence at both hearings revealed Mr. Lawrence is a thirty-year-old resident of Gibson County, Tennessee who worked for Stop N' Shop, a convenience store. He testified that, on May 18, 2015, he was moving a case of soft drinks when the cashier on duty, "David," confronted him. Mr. Lawrence testified that David began "getting in his face," and, "next thing I know he got more [sic] closer to me and I go flying over [a case on the floor]." This fall caused Mr. Lawrence to suffer what he described as a dislocation

1

of his right knee.

At the Expedited Hearing,[1] Mr. Lawrence explained that his sister came to the store on the night in question and David was talking to her. He "[b]elieve[d] [David's] anger . . . towards me [was] over my sister because he wanted, he liked her, he wanted to date her but she wasn't, I guess she wasn't going for it, but that was part of the anger." He offered no other theory of David's motive in his Expedited Hearing testimony.

At the Compensation Hearing, Mr. Lawrence testified that, while he was working in the cooler moving drinks, he heard some sort of commotion near the register. He went to the register and found "David was doing things he was not supposed to be doing;" namely, David was behaving inappropriately around female customers. Mr. Lawrence told David he was behaving inappropriately. It was then that Mr. Lawrence's sister arrived at the store and, according to Mr. Lawrence, rejected David's advances.

At the Expedited Hearing, Mr. Lawrence's sister testified she was at the store on the night in question but was unaware of any affection directed toward her by David. She did not witness the incident between him and her brother and had no personal knowledge of the event other than what her brother related to her.

Mr. Lawrence has had no further contact with the employer since the night of the injury.

At the Expedited Hearing, Mr. Lawrence testified he suffers from a learning disability, the exact nature of which is unclear, but he did obtain a high school diploma. At the Compensation Hearing, Mr. Lawrence testified, for the first time, that he served in the Army for eight years. He did not elaborate upon either his military specialty or his training.

The Court readmitted the same medical records that Mr. Lawrence offered at the Expedited Hearing. The records, from Innovative Orthopedics in Paris, Tennessee, indicated he injured his knee when he "got into it with his boss." The provider at Innovative diagnosed chondromalacia of the patella and recommended physical therapy. At the Compensation Hearing, Mr. Lawrence testified he was seeing another practitioner in Jackson who was to perform surgery in April 2017. However, he offered no medical records from that provider, or any other, into evidence.

As of the Compensation Hearing, Mr. Lawrence was not working and remains on social security disability and Medicare. At the Compensation Hearing, he claimed he was disabled due to the knee injury; but at the Expedited Hearing, Mr. Lawrence testified he

---

[1] The Court takes judicial notice of the evidence offered at the Expedited Hearing. *See Hughes v. New Life Dev. Corp.*, 387 S.W.3d 453, 457 n.1 (Tenn. 2012) (a court is permitted to take judicial notice of the facts from earlier proceedings in the same action).

was already drawing social security and Medicare benefits at the time of his injury.

## Findings of Fact and Conclusions of Law

### *Standard applied*

At a Compensation Hearing, Mr. Lawrence must establish he is entitled to the requested benefits by a preponderance of the evidence. Tenn. Code Ann. § 50-6-239(c)(6) (2016). Though Mr. Lawrence elected to represent himself, as is his right, he still "must comply with the same standards to which parties with legal counsel must adhere." *Thurmond v. Yates Servs.*, 2015 TN Wrk. Comp. App. Bd. LEXIS 34, at *6 (Sept. 8, 2015).

### *Applicable authority*

Under the Workers' Compensation Law, "the employer . . . shall furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident[.]" Tenn. Code Ann. § 50-6-204(a)(1)(A) (2016). However, the injury for which the employee seeks benefits must be caused by a specific incident, or set of incidents, that arise "primarily" out of and in the course and scope of the employment, meaning the contribution of the employment must be greater than fifty percent. Tenn. Code Ann. § 50-6-102(14)(A) (2016). Further, "[a]n injury causes death, disablement or the need for medical treatment only if it has been shown to a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing the death, disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14)(C) (2016).

### *Mr. Lawrence established a specific incident*

The Court finds Mr. Lawrence established the first required element of a compensable injury by a preponderance of the evidence; namely, a specific incident identifiable by time and place of occurrence. The uncontroverted evidence was that he injured his knee in an altercation at Stop N' Shop.

### *Mr. Lawrence did not establish an injury arising primarily out of his employment*

However, Mr. Lawrence did not establish an injury arising primarily out of and in the course of his employment. Mr. Lawrence must show that his injury both arose out of and occurred in the course and scope of his employment at Stop N' Shop. An injury occurs in the course of employment if it takes place while the employee was performing a duty the employer hired him or her to perform. *Fink v. Caudle*, 856 S.W.2d 952, 958 (Tenn. Workers' Comp. Panel 1993). Here, Mr. Lawrence offered sufficient evidence that his injury was in the course of his employment; he was carrying a case of drinks as part

of his work as a convenience store employee.

However, he did not establish his injury arose primarily out of his employment. An injury arises out of the employment when there is a causal connection between the conditions under which the work must be performed and the resulting injury. *Fritts v. Safety Nat'l Cas. Corp.*, 163 S.W.3d 673, 678 (Tenn. 2005). Of particular importance here is the principle that, "the mere presence of the employee at the place of injury because of the employment is not enough, as the injury must result from a danger or hazard peculiar to the work or be caused by a risk inherent in the nature of the work." *Blankenship v. Am. Ordnance*, 164 S.W.3d 350, 354 (Tenn. 2005). Accordingly, "an injury purely coincidental, or contemporaneous, or collateral, with the employment . . . will not cause the injury . . . to be considered as arising out of the employment." *Jackson v. Clark & Fay, Inc.*, 270 S.W.2d 389, 390 (Tenn. 1954).

In arriving at its conclusion, the Court looks to Tennessee law relating to workplace assaults, of which there are three categories. First, there are assaults with an "inherent connection" to employment, such as disputes over performance, pay, or termination. Second, there are assaults stemming from "inherently private" disputes imported into the employment from the claimant's private life. Finally, there are assaults resulting from a "neutral force," such as random assaults on employees by individuals outside the employment relationship. *Woods v. Harry B. Woods Plumbing Co.*, 967 S.W.2d 768, 771 (Tenn. 1998). Here, the Court need consider only the first and second categories and, when doing so, notes that assaults falling into the first category are compensable. *Wait v. Travelers Indem. Co. of Ill.*, 240 S.W.3d 220, 227 (Tenn. 2007). Assaults falling into the second category are not. *Woods,* at 771.

At the Expedited Hearing, Mr. Lawrence testified David "got in his face" over David's apparent rejection by Mr. Lawrence's sister. At the Compensation Hearing, he added that he inserted himself into what he considered an improper interaction between David and female customers. Thus, he presented varying accounts of the night in question. Absent an explanation or corroboration, contradictory statements by a witness concerning the same fact cancel each other. *Taylor v. Nashville Banner Pub. Co.*, 573 S.W.2d 476, 482-83 (Tenn. Ct. App. 1978). Assuming David confronted Mr. Lawrence because of Mr. Lawrence's intervention at the register, the event arguably falls within the first category of assaults, those with an inherent connection to the work, here a dispute over "performance." This is different from his Expedited Hearing testimony that pointed to a purely personal altercation, one involving Mr. Lawrence's sister. Notably, Mr. Lawrence offered different testimony as to the source of his disability and his previous vocational status.

However, even assuming his elaboration at the Compensation Hearing to be true, the Court cannot find a relationship between the assault and the work. Mr. Lawrence did not attribute the assault to his confronting David over inappropriate behavior; instead, the

4

preponderance of the evidence remained that the altercation resulted either from a private dispute or from some other unknown cause. As at the Expedited Hearing, the only connection to work appears to be the tangential fact that both men worked at Stop N' Shop.

As it noted previously, the Court sympathizes with Mr. Lawrence regarding both his pain and his frustration at his treatment by his former employer. This is compounded by the failure of Stop N' Shop to appear. However, even though Stop N' Shop failed to appear, this Court cannot grant benefits to a claimant by default if the basic allegations of the claim do not fit within the coverage formula of the law, namely that the preponderance of the evidence did not establish the alleged injury arose primarily out of Mr. Lawrence's employment.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Lawrence's claim against Stop N' Shop for medical benefits is denied.

2. Stop N' Shop shall pay the $150.00 filing fee under Tennessee Compilation Rules and Regulations 0800-02-21-.07 (2016) directly to the Clerk within five business days of the date of this final order, for which execution may issue as necessary.

3. Stop N' Shop shall file a Statistical Data form within ten business days of entry of this final order.

**ENTERED this the 5th day of April, 2017.**

**Judge Allen Phillips**
**Court of Workers' Compensation Claims**

5

# APPENDIX

Exhibits:

1. Affidavit of Robert Lawrence; and
2. Medical Records of Innovative Orthopedics (Dr. Cutright).

Technical record:

1. Petition for Benefit Determination;
2. Dispute Certification Notice; and
3. Request for Expedited Hearing.

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Compensation Hearing Order was sent to the following recipients by the following methods of service on this the 5th day of April, 2017.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| Robert Lawrence, Self-Represented Employee | X | | | 1317 North 13th Ave., Humboldt, TN 38343 |
| Mohammed El Maliki, Self-Represented Employer | X | | | 524 North Central Ave., Humboldt, TN 38343 |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

6