FILED

NOV 1 8 2021

Clerk of the Appellate Courts
Rec'd by_____

# IN THE SUPREME COURT OF TENNESSEE
## SPECIAL WORKERS' COMPENSATION APPEALS PANEL
### Submitted on Briefs for June 21, 2021 Session

## BRETT ROSASCO V. WEST KNOXVILLE PAINTERS, LLC

### Appeal from the Court of Workers' Compensation Claims
### No. 2019-1563A; Pamela Johnson

---

### No. E2020-01656-SC-R3-WC – Mailed September 15, 2021

---

Brett Rosasco ("Employee") was injured when he was struck by a falling tree after he tried to use a portable restroom near his worksite. The Court of Workers' Compensation Claims determined that Mr. Rosasco's injury did not "arise primarily out of and in the course and scope of [his] employment" and granted summary judgment for West Knoxville Painters, LLC ("Employer"). *See* Tenn. Code Ann. § 50-6-102(14). Mr. Rosasco's appeal has been referred to this Panel for a hearing and a report of findings of fact and conclusions of law pursuant to Tennessee Supreme Court Rule 51. After reviewing the evidence, we affirm the judgment.

### Tenn. Code Ann. § 50-6-225(a) Appeal as of Right;
### Decision of the Court of Workers' Compensation Claims Affirmed

WILLIAM B. ACREE, SR. J., delivered the opinion of the court, in which ROGER A. PAGE, J., AND DON ASH, SR. J., joined.

Cary L. Bauer, Knoxville, Tennessee, for the appellant, Brett Rosasco.

J. Allen Callison, Nashville, Tennessee, for the appellee, West Knoxville Painters LLC.

## OPINION

### Factual and Procedural Background

Mr. Rosasco suffered a serious injury and filed a petition for benefit determination. After the parties exhausted the benefit review process, the Court of Workers'

Compensation Claims denied Mr. Rosasco's claim following an expedited hearing,[1] and later granted Employer's motion for summary judgment. The facts are largely undisputed.

On October 31, 2019, Mr. Rosasco was painting the exterior of a house while working for Employer. A storm system in the area had produced strong winds. Mr. Rosasco described the weather as "really, really windy," which caused him to take a break from painting. At one point, he used a portable restroom that was located on the street. While inside the portable restroom, he heard a loud crack, rushed outside, and was struck by a dead tree that had fallen.

Employer did not obtain the portable restroom for its employees. Employer's standard practice was for its employees to use the customer's restroom. Neither Employer nor Mr. Rosasco knew who placed the restroom in that location. He was unaware of the dead tree or the proximity of the dead tree to the portable restroom.

Mr. Rosasco was taken to the emergency room and underwent a multi-level fusion surgery to repair fractures in his spine. The treating surgeon, Dr. William Oros, restricted him from lifting more than ten pounds, but later modified the restriction to twenty-five pounds.

Employer denied Mr. Rosasco's workers' compensation because the injury resulted from an "act of God" and did not arise primarily out of his employment. The Court of Workers' Compensation Claims subsequently granted Employer's motion for summary judgment after finding that Mr. Rosasco failed to "show a causal connection between the work he performed and the resulting injury." Mr. Rosasco has appealed.

## Standard of Review

Review of factual issues is de novo upon the record of the trial court, accompanied by a presumption of correctness of the trial court's factual findings, unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-225(a)(2).

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment

---

[1]The Workers' Compensation Appeals Board affirmed the ruling.

2

as a matter of law." Tenn. R. Civ. P. 56.04.

A moving party "who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it: (1) submits affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." Tenn. Code Ann. § 20-16-101; Tenn. R. Civ. P. 56.06. A trial court's ruling on a motion for summary judgment is reviewed de novo, without a presumption of correctness. *Rye v. Women's Care Center of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015).

## Analysis

Mr. Rosasco argues that his injuries arose primarily out of his employment because "the undisputedly dead tree could have been cut down by someone exercising reasonable foresight" and because the event "was not, by definition, an act of God."

In contrast, Employer maintains that Mr. Rosasco's injuries did not arise primarily out of his employment because they resulted from an act of God. *See Hames v. State*, 808 S.W.2d 41, 44 (Tenn. Ct. App. 1991) ("Any misadventure or casualty is said to be caused by the act of God when it appears by the direct, immediate, and exclusive operation of the forces of nature, uncontrolled or uninfluenced by the power of man and without human intervention."). Employer also argues that Mr. Rosasco's employment did not subject him to a hazard that was "uncommon to the general public or peculiar to the nature of the employment."

A workers' compensation injury is one that "arises primarily out of and in the course and scope of employment." Tenn. Code Ann. § 50-6-102(14). "Arising out of" refers to "a causal connection between the conditions under which the work is required to be performed and the resulting injury." *Dixon v. Travelers Indem. Co.*, 336 S.W.3d 532, 537 (Tenn. 2011).[2]

---

[2] In contrast, "in the course and scope of" employment refers to "the time, place, and circumstances of the employee's injury." *Dixon*, 336 S.W.3d at 537. In other words, "an injury that occurs while an employee is performing his or her job at the time and place assigned by the employer is presumed to be one occurring in the course of employment." *Id.* The Court of Workers' Compensation Claims noted that the "personal comfort" doctrine "generally brings injuries that occur during activities that minister to the employee's personal comfort within the course and scope of employment." However, the parties agreed that Mr. Rosasco was in the course and scope of his employment; therefore, this issue is not on appeal and does not resolve whether his injuries arose primarily out of his employment.

3

"When an employee suffers an injury as the result of an uncontrolled force of nature or an act of God, to satisfy the 'arising out of' requirement, the employee must prove that the injury was caused by an increased risk peculiar to the nature of the employment and not a danger common to the general public at the time and place where it occurred." *Id.* at 537; *see also Wait v. Travelers Indem. Co.*, 240 S.W.3d 220, 228 (Tenn. 2007).

Furthermore, "[t]he mere presence of an employee at the place of injury because of his employment will not alone result in the injury being considered as arising out of the employment." *Wilhelm v. Krogers*, 235 S.W.3d 122, 127 (Tenn. 2007). Similarly, "an injury purely coincidental, or contemporaneous, or collateral, with the employment . . . will not cause the injury . . . to be considered arising out of the employment." *Wait*, 240 S.W.3d at 228 (quoting *Jackson v. Clark & Fay, Inc.*, 270 S.W.2d 389 (Tenn. 1954)).

In *Dixon*, the Court held that the employee's injury arose out of his employment when his truck was picked up by a tornado, hurled through the air, and dropped one-half mile away. *Dixon*, 336 S.W.3d at 532. The Court emphasized expert testimony that the employee's truck "required less wind force to overturn" than a car and concluded that "the particular conditions of [the employee's] job as a truck driver exposed him to increased risk peculiar to the nature of his employment and not a danger common to the general public at the same time and place when it occurred." *Id.* at 537. In addition, the Court explained that the employee "was significantly handicapped in his ability to make choices, otherwise available to the general public, by various factors imposed upon him by his employment, including the size of the vehicle he drove, the route he was required to take, and the strict time schedule he was required to adhere to." *Id.* at 537-38.

In contrast, in *Jackson v. Clark & Fay, Inc.*, 270 S.W.2d 389 (Tenn. 1954), the Court held that an employee who was killed during a storm while being transported in his employer's truck was not entitled to workers' compensation benefits. In concluding that the "storm was not a danger peculiar to the work in which [the employee] was engaged," the Court reasoned:

> [The storm] was a danger common to the general public at the time and place where it occurred. It was not a hazard incident to his employment. It did not have its origin in a risk connected with that employment. It did not flow from that source as a rational consequence. The employer by the exercise of reasonable foresight could not have reasonably contemplated this hazard as a result of transporting his employees from their place of employment to their night quarters.

4

*Id.* at 390.

Similarly, in *Hill v. St. Paul Fire & Marine Ins. Co.*, 512 S.W.2d 560 (Tenn. 1974), the Court concluded that the trial court properly denied a workers' compensation claim filed on behalf of an employee who was killed while working in a building that was struck by a tornado:

> The tornado was not a hazard or risk peculiar to the work of Hill as a night watchman. It was a danger common to the general public at the time and place where it occurred. It was not a hazard incident to Hill's employment. It did not flow from his work as a rational consequence. His employer by the exercise of reasonable foresight could not have reasonably anticipated a tornado as a result of Hill's employment.

*Id.* at 562-63.[3]

After reviewing the foregoing principles and the evidence in the record, we conclude that the Court of Workers' Compensation Claims properly determined that Mr. Rosasco's injuries did not arise primarily out of his employment.

On the day of his injury, Mr. Rosasco was painting the exterior of a house for Employer when a storm system produced high winds. Mr. Rosasco stopped working and used a portable restroom that happened to be near the worksite. As Mr. Rosasco was leaving the property, he was struck by a falling dead tree and injured. It is undisputed that Employer did not obtain the portable restroom for its employees and did not instruct its employees to use the restroom. Neither Employer nor Mr. Rosasco knew who placed the restroom in that location.

Finally, Mr. Rosasco argues that his injury was the result of an unidentified property owner's failure to cut down a dead tree and was not an act of God. But as the Court of Workers' Compensation Claims observed, "neither [Employer] nor Mr. Rosasco observed anything overtly dangerous about the location of the portable restroom," and Mr. Rosasco's "work as a painter placed him at no increased risk peculiar to his employment that a dead tree might fall on him." *See Dixon*, 336 S.W.3d at 537. Instead, "the general public at the same time and in the same place bore the same risk." *See Jackson*, 270 S.W.2d at 390; *Hill*,

---

[3] Notably, the Court in *Dixon* distinguished both *Jackson* and *Hill* as cases involving employees who failed to establish that they faced a heightened or greater degree of risk than that faced by the general public as a result of their employment. *Dixon*, 336 S.W.3d at 538-39.

5

512 S.W.2d at 562. Accordingly, the Court of Workers' Compensation Claims properly granted summary judgment for Employer.

## Conclusion

After reviewing the applicable authority and the evidence in the record, we affirm the judgment of the Court of Workers' Compensation Claims. Costs of this appeal are assessed to the Employee, Brett Rosasco, for which execution shall issue if necessary.

_____
William B. Acree, Sr. J.

6

# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE

## BRETT ROSASCO v. WEST KNOXVILLE PAINTERS, LLC ET AL.

**Court of Workers' Compensation Claims
No. 2019-03-1563A**

**No. E2020-01656-SC-WCM-WC**

FILED

NOV 1 8 2021

Clerk of the Appellate Courts
Rec'd by_____

## JUDGMENT ORDER

This case is before the Court upon the motion for review filed by Brett Rosasco pursuant to Tennessee Code Annotated section 50-6-225(e)(5)(A)(ii), the entire record, including the order of referral to the Special Workers' Compensation Appeals Panel, and the Panel's Opinion setting forth its findings of fact and conclusions of law.

It appears to the Court that the motion for review is not well taken and is, therefore, denied. The Panel's findings of fact and conclusions of law, which are incorporated by reference, are adopted and affirmed. The decision of the Panel is made the judgment of the Court.

Costs are assessed to Employee, Brett Rosasco, for which execution may issue if necessary.

It is so ORDERED.

PER CURIAM

Roger A. Page, C.J., not participating