

FILED
Mar 05, 2024
01:18 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Gary Dickerson ) | Docket No. 2020-03-0905 |
| ) | |
| v. ) | State File No. 48461-2020 |
| ) | |
| Dominion Development Group, LLC, et al. ) | |
| ) | |
| ) | |
| Appeal from the Court of Workers' ) | |
| Compensation Claims ) | |
| Lisa A. Lowe, Judge ) | |

---

### Affirmed and Certified as Final

---

In the second appeal in this matter, the employee appeals a compensation order granting summary judgment to the employer. The employee, a superintendent at a construction site, was in a motor vehicle accident after taking another worker to pick up his vehicle following some repairs. The employee sought workers' compensation benefits for alleged injuries to his neck, back, left leg, and left foot. The employer denied the claim, and, after an expedited hearing, the trial court determined the employee failed to show he was likely to prevail at trial. The employee appealed, and we affirmed the trial court's order. Subsequently, the employer filed a motion for summary judgment, arguing that the employee gave insufficient notice of an alleged work accident and that the injury did not arise primarily out of or in the course and scope of the employment. The employer also argued the employee did not have the necessary medical proof to show his alleged injuries were primarily caused by the motor vehicle accident. The trial court determined that the employee came forward with no evidence creating a genuine issue of material fact concerning whether the motor vehicle accident occurred in the course and scope of his employment, granted the employer's motion for summary judgment, and dismissed the employee's claim. The employee has appealed. Following careful review of the record, we affirm the order granting summary judgment and dismissing the claim and certify the trial court's order as final.

Judge Meredith B. Weaver delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

Gary Dickerson, Florence, Kentucky, employee-appellant, pro se

L. Blair Cannon, Alpharetta, Georgia, for the employer-appellee, Dominion Development Group, LLC

**Factual and Procedural Background**

On February 28, 2020, Gary Dickerson ("Employee") was working as a job site superintendent for Dominion Development Group, LLC ("Employer"), when Charles Torres ("Torres"), an employee of a subcontractor on the site, asked Employee to follow him to drop off his vehicle for repairs and give him a ride back to the job site. Employee asked a manager, Logan Nico ("Nico"), if he could assist Torres. Nico responded that Employee could perform the errand on his own time but that it was not one of his job duties. During his lunch break, Employee followed Torres to a tire store and gave him a ride back to the job site. After his shift ended that day, Employee drove Torres back to the tire store. Shortly after leaving the tire store, Torres rear-ended Employee at a red light.

Although the parties disputed when Employee told Nico about the accident, it is undisputed that Nico became aware of the incident at some point. Employee continued to work at the job site through March 2020. At the end of the month, Nico noticed Employee was limping. When Nico asked Employee about the limp, Employee indicated he believed it was due to gout. After Employee went to the doctor on April 1, 2020, he informed Nico the limp was due to his gout and that he had been given a prescription. Employer terminated Employee later in the month, and shortly thereafter, Employee reported the motor vehicle accident of February 28, 2020 as a work-related accident. Following Employer's denial of the claim, Employee filed a petition for benefit determination. After an expedited hearing, the trial court issued an order on October 3, 2021, ruling that Employee was unlikely to prevail on the merits of his claim at trial as he did not offer sufficient proof of timely notice, did not offer sufficient evidence that his injuries arose primarily out of or occurred in the course and scope of his employment, and offered no medical proof his alleged injuries were primarily caused by the accident. Employee appealed that order, and we affirmed. At that time, the parties proceeded with discovery, which resulted in multiple discovery disputes.[1]

Employee offered into evidence Standard Form Medical Reports ("Form C-32") from Drs. Viral Patel and Patrick Ginney, as well as two letters from Dr. Lance Hoffman. Employer objected to the use of the Form C-32s as provided in Tennessee Code

---

[1] In the current appeal, Employee has attempted to raise issues regarding his medical records from past medical treatment, as well as Employer's use of a third-party vendor to request his medical records. However, the trial court's determinations regarding such issues were contained in previous orders, none of which were timely appealed. Because these issues were not timely appealed, they are not properly before us, and we need not address them. *See* Tenn. Comp. R. & Regs. 0800-02-22-.01(3) (2023); *see also Bates v. Command Ctr., Inc.*, No. 2014-06-0053, 2015 TN Wrk. Comp. App. Bd. LEXIS 10, at *5 (Tenn. Workers' Comp. App. Bd. Apr. 2, 2015).

2

Annotated section 50-6-235(c)(2), and the parties took the doctors' depositions. Dr. Patel had treated Employee both before and after the February 2020 accident and submitted a Form C-32 dated June 15, 2022, stating Employee was restricted from working because of lumbar and thoracic radiculopathy. He also completed a Form C-30A Final Medical Report indicating that, in his opinion, Employee had a "[greater than] 50% impairment" to the body as whole because of the February 2020 motor vehicle accident. However, during his deposition, Dr. Patel admitted he was not familiar with the statutory definition of "injury" in the context of workers' compensation claims, and he further admitted to having no knowledge of the American Medical Association's Guides to the Evaluation of Permanent Impairment, the use of which is mandated by Tennessee's Workers' Compensation Law. *See* Tenn. Code Ann. § 50-6-204(k)(1). He also could not recall if he considered any of Employee's pre-existing medical conditions or his subsequent car accidents at the time he completed the Form C-32. Finally, Dr. Patel acknowledged that, to his recollection, he had never treated another workers' compensation patient.

Dr. Ginney treated Employee following the February 2020 accident and completed a Form C-32 on October 7, 2022, indicating Employee was restricted from working as a result of his left foot arthralgia. He testified similarly to Dr. Patel regarding his lack of familiarity with Tennessee's Workers' Compensation Law and further admitted he did not consider any pre-existing conditions or subsequent events in preparing the Form C-32 filed with the court.

Following the medical depositions, Employer filed a motion for summary judgment, arguing that Employee failed to give proper notice of his injuries, that his injuries did not arise out of or occur in the course and scope of the employment, and that his medical proof was insufficient to establish that any of his medical conditions were primarily caused by the motor vehicle accident in February 2020. Employee requested additional time to respond to the motion but failed to provide a reason for the request. The trial court denied the request, and Employee filed a response to Employer's motion, disputing several facts, including that Nico was his supervisor and that his past medical records were relevant. The court issued an order on November 3, 2023, granting Employer's motion for summary judgment. The court determined it was undisputed that Employee had completed his shift when he drove his co-worker back to the tire store, that the errand was in no way part of his job duties, and that it was not at the direction of Employer. Consequently, the trial court determined the alleged injuries did not occur in the course and scope of the employment. Because of this determination, the trial court found no need to consider other issues raised by Employer. Employee has appealed.

**Standard of Review**

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2023). However, "[n]o similar deference need be

3

afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). Moreover, a trial court's ruling on a motion for summary judgment is reviewed *de novo* with no presumption of correctness. *Wallis v. Brainerd Baptist Church*, 509 S.W.3d 886, 895 (Tenn. 2016). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2023).

**Analysis**

In his notice of appeal, Employee lists three grounds for his appeal of the trial court's compensation order granting summary judgment: (1) "Base[d] on all Documents, Texts, Pictures, Place, Where, Time and Proof of all Injuries"; (2) "Morgan and Morgan Medical Reports and Other Doctors"; and (3) "All Exhibits and Mr. Dickerson is <u>Presenting</u> More at Hearing."[2] (Emphasis in original.) He contemporaneously filed a statement with the notice of appeal, which we have elected to treat as his brief, listing various disputes that he has with the facts as depicted in Employer's motion for summary judgment.[3]

A motion for summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. The burden is on the party pursuing summary judgment to demonstrate both that no genuine issue of material fact exists and that the moving party is entitled to a judgment as a matter of law. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008). If the moving party makes a properly-supported motion, the burden of production then shifts to the nonmoving party to demonstrate the existence of one or more genuine issues of material fact at the summary judgment stage. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 265 (Tenn. 2015). Courts must view the evidence in the light most

---

[2] There is an indication in the record Employee was represented by an attorney at the law firm of Morgan and Morgan relative to his personal injury lawsuit against Torres. There is no notice of appearance on behalf of Employee from any attorney in this workers' compensation matter.

[3] Employee filed another series of documents with the clerk prior to his deadline to file a brief under Tennessee Code Annotated section 50-6-217(2)(B). That filing largely consisted of documents already filed with the trial court and did not comply with Tenn. Comp. R. and Regs. 0800-02-22-.07. As such, we did not consider that filing in our review of this appeal.

4

favorable to the nonmoving party and must draw all reasonable inferences in favor of the nonmoving party. *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993). Furthermore, "[a] fact is material 'if it must be decided in order to resolve the substantive claim or defense at which the motion is directed.'" *Akers v. Heritage Med. Assocs., P.C.*, No. M2017-02470-COA-R3-CV, 2019 Tenn. App. LEXIS 5, at *14 (Tenn. Ct. App. Jan. 4, 2019) (quoting *Byrd*, 847 S.W.2d at 215). "A 'genuine issue' exists if 'a reasonable [factfinder] could legitimately resolve that fact in favor of one side or the other.'" *Id.* at *15 (quoting *Byrd*, 847 S.W.2d at 215).

Employer's motion for summary judgment provided three different bases for determining Employee's claim was not compensable. First, Employer argued Employee failed to give proper notice of a potential work injury, as he was asked about his limp, told a supervisor he suffered from a non-work-related foot condition, and did not report any work-related injury until after his termination in April 2020. Second, Employer argued that the motor vehicle accident did not occur in the course and scope of employment and that the injuries from that accident, if any, did not arise primarily from his employment as a job-site superintendent. Finally, Employer contended there was insufficient medical proof to support a finding that Employee suffered a compensable work injury as defined by the Workers' Compensation Law. In its order, the trial court determined that the injury did not arise out of or occur in the course and scope of employment, rendering any analysis of Employer's notice argument or the potential lack of evidence of medical causation unnecessary.

An injury is compensable when it arises "primarily out of and in the course and scope of employment." Tenn. Code Ann. § 50-6-102(12) (2023). In defining those terms, our Supreme Court has consistently held:

> The phrase "in the course of" refers to time, place, and circumstances, and "arising out of" refers to cause or origin. "[A]n injury by accident to an employee is in the course of employment if it occurred while he was performing a duty he was employed to do; and it is an injury arising out of employment if caused by a hazard incident to such employment." Generally, an injury arises out of and is in the course and scope of employment if it has a rational connection to the work and occurs while the employee is engaged in the duties of his employment.

*Cloyd v. Hartco Flooring Co.*, 274 S.W.3d 638, 643 (Tenn. 2008) (citing *Orman v. Williams Sonoma*, 803 S.W.2d 672, 676 (Tenn. 1991)).

In this instance, Employer has provided proof that the motor vehicle accident occurred after work hours, off site, and while Employee was performing a voluntary act for another worker of a separate employer on the site. Employee disputes several of the facts presented by Employer, including whether Nico was his supervisor, whether Nico's

5

memory is accurate regarding the other worker involved, and when he told Nico and others with Employer about the accident and the alleged injuries. However, none of those alleged disputes are *material* to the issue at hand, which is whether the motor vehicle accident occurred in the course and scope of the employment. A fact is material "if it must be decided in order to resolve the substantive claim or defense at which the motion is directed." *Byrd*, 847 S.W.2d at 215. Here, the facts alleged to be disputed by Employee are not material to the issue of whether the accident occurred while Employee was performing a work-related duty he was employed to perform, nor are they relevant as to whether there is a causal connection between the conditions under which his work was required to be performed and the possible resulting injuries. *See, e.g.*, *Fink v. Caudle*, 856 S.W.2d 952, 958 (Tenn. 1993); *Carmichael v. J. C. Mahon Motor Co.*, 11 S.W.2d 672, 673 (Tenn. 1928).

Employee has admitted that the accident occurred after hours and that he was not in the process of returning to the job site at the time of the accident. Employer provided evidence that Employee was told the activity in question would need to occur on his personal time and was not a part of his job description, and Employee produced no evidence creating a genuine issue of material fact as to whether he was within the course of his employment when the accident occurred. We conclude the trial court did not err in determining that Employer had negated an essential element of Employee's claim by proving the motor vehicle accident did not occur in the course and scope of Employee's work. In response, Employee offered no evidence to create a genuine issue of material fact as to that crucial element of his claim.

## Conclusion

For the foregoing reasons, we affirm the trial court's order and certify it as final. Costs on appeal are taxed to Employee.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Gary Dickerson | ) | Docket No. 2020-03-0905 |
| | ) | |
| v. | ) | State File No. 48461-2020 |
| | ) | |
| Dominion Development Group, LLC, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Lisa A. Lowe, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 5th day of March, 2024.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Gary Dickerson | X | X | | X | garydickerson42058@gmail.com garydickerson2058@icloud.com 721 Covert Run Pike Bellevue, KY, 41073 |
| Blair Cannon Joseph Ballard | | | | X | blair.cannon@thehartford.com joseph.ballard@thehartford.com |
| Lisa A. Lowe, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |



Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov